**No. 19-2405**

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

M.S. WILLMAN,
*Plaintiff-Appellant,*

V.

UNITED STATES OFFICE OF ATTORNEY GENERAL,
*Defendant-Appellee.*

On Appeal from United States District Court for the United States District Court
Eastern District of Michigan, Southern Division
Case No: 2:19-cv-10360 (Honorable Gershwin A. Drain)

**OPENING BRIEF**
**PLAINTIFF-APPELLANT**
**APPEAL ORDER OF DISMISSAL**

DANIEL C. WILLMAN (P55867)
248-231-0705
PO 606 Pinckney, MI 48169
danielcwillman@aol.com
*Attorney for Plaintiff-Appellant*
*(Lead Counsel)*

# <u>RULE 26.1 CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Plaintiff-Appellant

M.S. Willman certifies as follows:

1.      Is said party a subsidiary or affiliate of a publicly-owned corporation?

<u>NO</u>

2.      Is there a publicly-owned corporation, not a party to the appeal, that has a

financial interest in the outcome?

<u>NO</u>

           /s/ Daniel C. Willman
           Daniel C. Willman

**TABLE OF CONTENTS**

**Page**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF RELATED CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

I.      CAN A FORMER REGISTRANT, PROPERLY REMOVED FROM A REGISTRY IN FEDERAL COURT, BE FORCED TO RE-REGISTER EVEN IF DOING SO VIOLATES THE PLAIN LANGUAGE OF SORNA AND CONFLICTS WITH CONTROLLING ON POINT U.S. SUPREME COURT STARE DECISIS?
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

II.     IT WOULD BE A VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION AND THE PLAIN LANGUAGE OF SORNA TO THREATEN A FORMER  REGISTRANT WITH PLACEMENT BACK ON A  JURISDICTIONS REGISTRY WHEN THEY WERE ALREADY PROPERLY REMOVED VIA STIPULATION AND ORDER IN FEDERAL COURT
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

III.    REMOVAL FROM A JURISDICTION'S REGISTRY ALSO RESULTS IN REMOVAL/ NOT BEING REQUIRED TO BE ON THE SORNA REGISTRY. SORNA IS A CIVIL STATUTE. FAILURE  BY AN ADVERSE PARTY TO THE LITIGATION TO OBJECT TO REMOVAL IS RES JUDICATA.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

## TABLE OF CONTENTS-continued

**Page**

IV.    APPELLANT IS NOT AN ACTIVE REGISTRANT, HE WAS PROPERLY REMOVED FROM THE REGISTRY IN FEDERAL COURT AN ACTUAL CASE AND CONTROVERSY EXISTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

V.    BASED ON THE DISTRICT COURT'S TOTAL RELIANCE ON AN UNPUBLISHED OPINION WHICH RUNS COUNTER TO SUPREME COURT PRECEDENT *CARR* AND *NICHOLS* AND THE PLAIN LANGUAGE OF SORNA, THIS CASE IS CAPABLE OF REPETITION YET EVADING JUDICIAL REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

REQUEST FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

REQUEST FOR COSTS AND ATTORNEY FEES . . . . . . . . . . . . . . . . . . . . . . . 55

RULE 26.1 CORPORATE DISCLOSURE STATEMENT .. . . . . . . . . . . . . . . . . . . i

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES . . . . . . . . . . . iv-xv

STATEMENT IN SUPPORT OF ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . .xv

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

ADDENDUM, 6 CIR. I.O.P. 32.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A1

# TABLE OF CASES, STATUTES
# AND OTHER AUTHORITIES

**U.S. Constitution**                                                                              **Page**

Article I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 42, 50

Article III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 46

Article IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

Article VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 40, 56

1ST Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 12, 24, 48, 51

4th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 ,8, 13,24, 49

5th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 12, 48

8th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

14th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 12, 24, 42, 48-51

**Federal Statues**

18 U.S.C. § 2250 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

34 U.S.C. § 20901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

34 U.S.C. §20911 . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5-6, 21, 23, 27, 30, 55

34 U.S.C. §20913 . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 23, 32, 51-53

34 U.S.C. §20914 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32, 51

34 U.S.C. §20921 . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 10-11, 23, 27,  55

**TABLE OF CASES, STATUTES
AND OTHER AUTHORITIES -continued**

**Federal Statues--continued**                                                    **Page**

34 U.S.C. §20922 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

34 U.S.C. §20945 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

42 U.S.C. §16911(10) . . reclassified 34 U.S.C. § 20911 . . . . . . . . . . . . . . . . . 4,30

42 U.S.C.§16912 . . . . . . reclassified 34 U.S.C. § 20912 . . . . . . . . . . . . . . . . . . 4,30

42 U.S.C. §16914 . . . . . reclassified 34 U.S.C. §20914. . . . . . . . . . . . . . . . . . . . 32

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 57

42 U.S.C. §1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

**Federal Rule Civil Procedure**

F.R.C.P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

**Federal Rule of Appellate Procedure**

F.R.A.P. 4(a)(B) Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Other Authority**

DOJ SMART office, R 1.1 PageID 97 , , . . . . . . . . . .1,5, 11, 16, 21, 29-30, 39-43, 55

**TABLE OF CASES, STATUTES**
**AND OTHER AUTHORITIES -continued**

**Federal Cases -U.S. Supreme Court** **Page**

*Albright v. Oliver,*
510 U.S. 266, 114 S.Ct. 807,127 L.Ed.2d 114 (1994) . . . . . . . . . . . . . . . . . . . . .48, 50

*Beazell v. Ohio*,
269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925) . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

*U.S. v Brown*,
381 US 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965) . . . . . . . . . . . . . . . . . . . . . . . 41

*Crist v. Bretz,*
437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978) . . . . . . . . . . . . . . . . . . . . . . . 41

*Calder v. Bull*,
3 U.S. 386, 1 L.Ed. 648 (1798) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

*Caminetti v. United States,*
242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917) . . . . . . . . . . . . . . . . . . . . . . 19, 28

*Carr v. United States,*
560 U.S. 438, 1130 S.Ct. 2229, 76 L.Ed.2d 1152 (2010) . . . . . . . . . . . . . . . . Passim

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,*
467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) . . . . . . . . . . . . . . . . . . . . . 39

*Chicago v. Morales*,
527 U.S. 41, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) . . . . . . . . . . . . . . . . . . . . . . 41

*Civil Rights Cases, 1*
09 U.S. 3, 3 S.Ct. 18, 27 L.E.2d 835 (1883) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Cleveland Bd. of Educ, v. Loudermill,*
470 U.S. 532,105 S.Ct. 1487, 84 L.Ed.2d 494(1985) . . . . . . . . . . . . . . . . . . . . . . 49

**Federal Cases-U.S. Supreme Court-continued**                                         **Page**

*Collins v. Youngblood*,
497 U.S. 37,110 S.Ct. 2715, 111 L.Ed.2d 30, (1990) . . . . . . . . . . . . . . . . . . . . . . . . 51

*Connecticut National Bank v. Germain*,
503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) . . . . . . . . . . . . . . . . . . 19, 34

*County of Sacramento v. Lewis*
523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) . . . . . . . . . . . . . . . . . . . . . 49

*Currier v. Virginia*,
__ U.S. __, 138 S.Ct. 2144, 201 L.Ed.2d 650 (2018) . . . . . . . . . . . . . . . . . 38, 44-46

*Daniels, v. Williams,*
474 U.S. 327, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986) . . . . . . . . . . . . . . . . . . . . . . . . 49

*Doe v. Bolton*,
410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973) . . . . . . . . . . . . . . . . . . . . . 47, 54

*Eastern Enterprises v. APFEL,*
524 U.S. 498, 118 S.Ct. 2131, 141 L.Ed.2d 451, (1998) . . . . . . . . . . . . . . . . . . . . . 42

*Escondido Mut. Water Co. v. La Jolla Band of Mission Indians*,
466 U.S. 765, 104 S.Ct. 2105, 80 L.Ed.2d 753 (1984) . . . . . . . . . . . . . . . . . . . . . . . 28

*Farmer v. Brennan*
511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811(1994) . . . . . . . . . . . . . . . . . . . . . . 50

*Friends of The Earth,v. LaidlawEnvtl. Servs,*
528 U.S. 167,120 S.Ct. 693, 145 L.Ed.2d 610 (2000) . . . . . . . . . . . . . . . . . . . . . . . 54

*Furman v. Georgia*,
408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) . . . . . . . . . . . . . . . . . . . . . 41, 57

**FederalCases-U.S. Supreme Court-continued**                                    **Page**

*Gibson v. Mississippi*,
162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 107 (1896) . . . . . . . . . . . . . . . . . . . . . . . . . . 51

*Gideon v. Wainwright*,
372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) . . . . . . . . . . . . . . . . . 18, 35, 40, 50

*Globe Newspaper Co .v. Superior Court*,
457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) . . . . . . . . . . . . . . . . . . . . . . 54

*Green, v. U.S.*
355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) . . . . . . . . . . . . . . . . . . . . . . 41

*Gwaltney. v. Chesapeake*,
484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987) . . . . . . . . . . . . . . . . . . . . . . . 33

*Hensley v. Eckerhart*,
461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) . . . . . . . . . . . . . . . . . . . . . . . 57

*Iselin v. United States*,
270 U.S. 245, 46 S.Ct. 248, 70 L.Ed. 566 (1926) . . . . . . . . . . . . . . . . . . . . . . . Passim

*Lambert v. California*,
355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Marbury v. Madison*,
5 U.S. (1 Cranch) 137 (1803) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

*McKune v. Lile,*
536 U.S. 24, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) . . . . . . . . . . . . . 25, 36-38, 56-57

*Mesquite v. Aladdin's Castle,*
455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982) . . . . . . . . . . . . . . . . . . . . . . 54

# TABLE OF CASES, STATUTES
## AND OTHER AUTHORITIES -continued

**Federal Cases-U.S. Supreme Court-continued**                                **Page**

*Middlesex County Sewerage Authority v. Nat. Sea Clammers Assn,*
453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981) . . . . . . . . . . . . . . . . . . . . . . . 39

*Muskrat v. U.S.,*
219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911) . . . . . . . . . . . . . . . . . . . . . . . . 46

*Nichols v. United States,*
578 U.S.__ , 136 S. Ct. 1113, 194 L. Ed. 2d 324 (2016) . . . . . . . . . . . . . . . . . Passim

*O'Dell v. Netherland,*
521 U.S. 151,117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) . . . . . . . . . . . . . . . . . . . . 35

*Packingham, v. North Carolina*
__U.S. __ ,137  S.Ct. 1730, 198 L.Ed.2d 273, (2017) . . . . . . . . . . 25, 36, 38-39, 57

*Parklane Hosiery Co. v. Shore,*
439 U.S. 322,  9 S.Ct. 645, 58 L.Ed.2d 552 (1979) . . . . . . . . . . . . . . . . . . . . . 44-45

*Railway Mail Assn. v. Corsi,*
326 U.S. 88,  65 S.Ct. 1483, 89 L.Ed. 2072 (1945) . . . . . . . . . . . . . . . . . . . . . . . 46

*Robinson v. California,*
370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) . . . . . . . . . . . . . . . . . . . . . . 42

*Reno v. Flores,*
507 U.S. 292, 65 S.Ct. 1483, 89 L.Ed. 2072 (1993) . . . . . . . . . . . . . . . . . . . . . . 18
.
*Reynolds v. U.S.,*
565 U.S. 432, 132 S.Ct.  975, 181 L.Ed.2d 935 (2012) . . . . . . . . . . . . . . . . . . . . . 4

*Saffle v. Parks,*
494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) . . . . . . . . . . . . . . . . . . . . 35

## TABLE OF CASES, STATUTES
## AND OTHER AUTHORITIES -continued

**<u>Federal Cases-U.S. Supreme Court -continued</u>**       **<u>Page</u>**

*Sebelius v. Cloer*
569 U.S. 369, 133 S.Ct. 1886, 185 L.Ed.2d 1003 (2013) . . . . . . . . . . . . . . . . . . . . 19

*Smith v. Doe,*
538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) . . . . . . . . . . . . 25 36-38, 56-57

*Snyder v. Does*,
reh'g denied (Sept. 15, 2016), cert. denied sub nom.
, __ U.S. __, 138 S.Ct. 55, 199 L.Ed.2d 18 (2017) . . . . . . . . . . . . . . . . . . . . . . . 6

*Southern Pacific Terminal Co. v. I.C.C.*,
219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911*)* . . . . . . . . . . . . . . . . . . . . . . . 54

*Stanley v. Georgia,*
394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) . . . . . . . . . . . . . . . . . . . . . . 48

*Steffel v. Thompson*,
415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) . . . . . . . . . . . . . . . . . . . . . 47,54

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
551 U.S. 308, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) . . . . . . . . . . . . . . . . . . . . 20

*Timbs v. Indiana*,
No. 17–1091, 586 U.S. (2019) R.17, PageID 422 . . . . . . . . . . . . . . . .14, 35-36, 38-40

*United States v. Missouri Pac. R.R. Co.*
278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322 (1929) . . . . . . . . . . . . . . . . . 10, 19, 25, 28

*United States v. Nixon*,
418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974 . . . . . . . . . . . . . . . . . . . . . . 54

*Weaver v. Graham*,
450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) . . . . . . . . . . . . . . . . . . . . . . . .51

**Federal Cases-U.S. Supreme Court -continued**      **Page**

*Weems v. United States,*
217 US 349, 30 S.Ct 544, 54 L Ed 793 (1910) . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Williams v. Fears,*
179 U.S. 270, 21 S.Ct. 128, 45 L.Ed. 186 (1900) . . . . . . . . . . . . . . . . . . . . . . . 49

**6th Circuit Cases**

*Amini v. Oberlin College,*
259 F.3d 493 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Bragg v. Flint,*
570 F.3d 775 (6th Cir.2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Buck v. Thomas M. Cooley Law,*
597 F.3d 812 (6th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 45

*Citizens Coal Council v. U.S. E.P.A.,*
447 F.3d 879(6th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Cutshall v. Sundquist,*
193 F.3d 466 (6th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15, 35, 47

*Doe v. Michigan Department of State Police,*
490 F.3d 491 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*Does v. Munoz,*
507 F.3d 961, 966 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Does #1-5 v. Snyder,*
834 F.3d 696 (6th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . 6-7, 34, 37, 42-43, 54

# TABLE OF CASES, STATUTES
# AND OTHER AUTHORITIES -continued

**6th Circuit Cases -continued**                                                    **Page**

*Entm't Prods. v. Shelby,*
721 F.3d 729 (6th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Gutierrez v. Lynch,*
826 F.2d 1534 (6th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*Kallstrom v. City of Columbus,*
136 F.3d 1055 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

*Johnson v. Cincinnati,*
310 F.3d 484 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

*Michigan State Chamber of Commerce v. Austin,*
788 F.2d 1178 (6th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Nat'l Hockey Leauge Players Ass'n v. Plymouth Whalers Hockey Club,
419 F.3d 462 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Springfield Armory,  v. City of Columbus,*
29 F.3d 250 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

*State Dist. Council Of Laborers Fund v. Omnicare, Inc.,*
583 F.3d 935 (6th Cir.2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19-20

*Tyson Foods v. McReynolds,*
865 F.2d 99 (6th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 45

*U.S. v. Caseer,*
399 F.3d 828(6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*U.S. v. Felts*
674 F.3d 599 (6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . .14, 30-31, 35, 43, 50

**6ᵗʰ Circuit Cases-continued**                                        **Page**

*U.S. v. Hart*,
635 F.3d 850, 856 (6ᵗʰ Cir.2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*U.S. v. Todd*,
920 F.2d 399 (6ᵗʰ Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

*Winget v. JP Morgan Chase Bank,*
537 F.3d 565 (6ᵗʰ Cir.2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Wright v. O'Day*
706 F.3d 769 (6ᵗʰ Cir.2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12, 24, 47

**Other Federal Circuit Cases**

*Estate of Bell v. Commissioner,*
928 F.2d 901, (9ᵗʰ Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Evans v. Ball*,
168 F.3d 856(5ᵗʰ Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Fleishman v. Cont'l Cas.,*
698 F.3d 598 (7ᵗʰ Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*Gallo v. City of Philadelphia*,
161 F.3d 217 (3ʳᵈ Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Jenkins v. Riverside*,
398 F.3d 1093 (9ᵗʰ Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43-44

*Kennedy v. Allera*,
612 F.3d 261 (4ᵗʰ Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Marek v. Singletary*,
62 F.3d 1295 (11ᵗʰ Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

# TABLE OF CASES, STATUTES
# AND OTHER AUTHORITIES -continued

**Other Federal Circuits Cases -continued**                                    **Page**

*Murphy v. Lynn,*
118 F.3d 938 (2nd Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*U.S. v. Billiot,*
785 F.3d 1266 (8th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*U.S. v. Holcombe,*
883 F.3d 12 (2nd Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*U.S. v. Pendleton,*
636 F.3d 78 (3rd Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Unpublished 6th Circuit Cases and other Federal Circuits Cases**

*Hood v. Keller,*
229 F. App'x 393 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

*States v. Shannon,*
511 F. App'x 487 (6th Cir.2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*U.S. v. Paul,***
718 F.Appx. 360 (6th Cir.2017) . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

*U.S. v. Neel,*
641 F.App'x 782 (10th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50-51

*U.S. v. Byrd,*
419 F. App'x 485 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Federal District Court Cases cited by the District Court**                    **Page**

*McCloud v. U.S.*,
No. 4:11-CV-1721, 2015 WL 224990 (E.D. Mo. Jan. 15, 2015) . . . . . . . . . .16, 51-52

*Valentine v. Strickland*,
No. 5:08-CV-00993, 2009 WL 9052193(N.D. Ohio Aug. 19, 2009) . . . . . . . . . . . 15

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

In rendering its decision in this matter the District Court relied on a host of unpublished opinions and cited as controlling authority the unpublished opinion *U.S. v. Paul*, 718 Fed.Appx., 360 (2017) a case that did not meet any of the criteria for publication, per 6 Cir. I.O.P. 32.1 Preparation and Release of Opinions; Publication of Decisions. The District Court adopted its reasoning directly from briefs submitted by The U.S. Department of Justice (DOJ).

Allowing the U.S. Department of Justice (DOJ) to continue to present the *Paul* decision as controlling and allowing it to stand would adversely impact every State in the Union, in regard to controlling their sex offender registries, and is a direct attempt to skirt this Court's holding in *Does v. Snyder*, 834 F3d 696 (6th Cir. 2016).

Standing contrary to the District Court Opinion is *Carr v. U.S.*, 560 U.S. 438 (2010) and *Nichols v. U.S.*, 136 S. Ct. 1113 (2016). Both cases are unequivocally controlling and 100% directly on point in this matter and were squarely presented to

the District Court, yet were completely ignored, as was the Plain Language of multiple SORNA sections (other squarely presented issues were also ignored infra).

This appeal seeks an Opinion and Order compelling the proper application of U.S. Supreme Court Stare Decisis. Based on the above and infra, Oral argument is necessary and respectfully requested.

 

**\* For complete SORNA Statute and sections see Appendix in Support of Complaint R. 1.1, PageID 151, and R.1.1 PageID 232, for current cross reference SORNA reclassification**

**\* \* Did not meet any of the criteria for consideration for publication, 6 Cir. I.O.P. 32.1 Preparation and Release of Opinions; Publication of Decisions See Addendum, A-1-A3.**

## INTRODUCTION

Appellant was properly removed from the State of Michigan Sex Offender Registry (SORA) via Stipulation and Order in Federal Court, which as a consequence removed Appellant from the Federal registry (SORNA), which is only a "search engine" (registration is a local activity) that compiles/links and can query the registries of Jurisdictions noted in 34 U.S.C. 20911(9)(10).

If a party is required to be on a Jurisdiction's registry, then and only then, is the information pertaining to that registrant forwarded to the National registry database for inclusion per 34 U.S.C. §20921, a fact duly noted by the DOJ SMART OFFICE.

Based on the holding of an unpublished opinion *U.S. v. Paul*, 718 F. App'x 360 (6th Cir. 2017) the DOJ asserted in a Rule 12 Motion that Appellant could still be made to re-register under SORNA. The District Court adopted this position which runs completely counter to on point U.S. Supreme Court precedent *Carr v. U.S.*, 560 U.S. 438 (2010) and *Nichols v. U.S.*, 136 S. Ct. 1113 (2016).

The District Court opinion did not acknowledge either case or follow the *Plain Language* of multiple SORNA provisions which Appellant squarely presented in his Rule 12 response, all of which clearly demonstrate Appellant is not required to re-register. For the reasoning within, Appellant seeks an Opinion and Order holding SORNA no longer applies to Appellant or other similarly situated individuals.

1

## STATEMENT OF JURISDICTION

This Appeal is from a Final Opinion, Order and Judgment which dismissed Appellant's Complaint R.1. The Opinion and Order R.23, PageID 562 of the U.S. District Court, Eastern District of Michigan, Southern Division, was dated and electronically filed October 1, 2019.

Judgment was entered October 1, 2019 R.24 PageID 581. This Appeal concerns the final Order, Opinion, and Judgment.

An Office of the United States is the Defendant-Appellee. The Notice of Appeal R.25 PageID.582 was filed November 24, 2019, which per F.R.A.P. 4(a)(B) is within 60 days after entry of the judgment and order appealed from the District Court.

This Court has proper Jurisdiction under Article I, Article III, Article IV, Sec 2, Clause1 Sec 1, Article VI Sec 6, the 1st, 4th, 5th, 8th and 14th Amendments to the U.S. Constitution and 28 U.S.C. § 1331, 42 U.S.C. §1983, 34 U.S.C. § 20901, 34 U.S.C. §20913, 18 U.S.C. 2250 and other SORNA sections.

## STATEMENT OF RELATED CASES

There are no related cases.

**Background Facts of**
**Appellant's Conviction**

On the night of the allegations leading to his conviction Appellant went out for the night with another party, his co-defendant[1]. According to the victim she was ordered into a car by one of the two defendants. Eventually the victim was let out of the car and within minutes was able to call the police, leading to a traffic stop and arrest. The victim was never physically touched by either defendant.

Appellant was offered a 4 year flat sentence plea on a firearm charge. Since Appellant did not possess or use any weapon he did not accept the plea. Appellant's co-defendant fled the state before Appellant's trial. The co-defendant never stood trial, the victim never saw him again or testified against him. With his alleged co-defendant on the run Appellant was convicted in a bench trial although the victim stated several times, in regard to the identity of Appellant, that she could not remember (Complaint R.1 PageID 9-10).

On November 2, 1993 Appellant was convicted and sentenced under M.C.L. 750.520 G1 - Criminal Sexual Conduct Assault with Intent to Commit Sexual

---

[1] Co-defendant was later captured and is still in prison 27 yrs later.

Penetration and robbery. (Appendix in support of Compliant R.1.1 PageID 235). At the time of Appellant's conviction, SORNA did not exist. Appellant served 10 yrs and successfully completed parole Complaint R.1 PageID 10, also Opinion and Order of Dismissal R.23 PageID 563.

## Patch Work of Registries

The current SORNA statute was passed by the U.S. Congress and implemented out of concern that the then current system of registration was an inconsistent "patchwork" of federal and state systems. *Reynolds v. U.S.*, 565 U.S. 432, 435 (2012). The goal was to make the system more uniform.

Rather than establishing a federal agency to implement SORNA, Congress, through its spending power, U.S. Const. Art. I, § 8, directed all states and the District of Columbia to create local registries that comply with specific national standards. 42 U.S.C. §§ 16911(10), 16912(a). *Nichols v. U.S*, 136 S. Ct. 1113, 1116 (2016).

## Penalties Requirements

## State

The 2006 SORNA act required states/jurisdictions to enact at least a 1 year penalty for non-compliant offenders required to be on that jurisdiction's registry (34 U.S.C. §20913 (e) State penalty for failure to comply). This provision was enacted because registration is a local activity that Congress delegated via SORNA to the

States' (Jurisdictions) etc ... "as an incentive to control the enforcement of their own registries" *Carr v. U.S.* 560 U.S. 438, 453 (2010).

**Federal**

The Federal penalty for a non-compliant *active registrant* is set forth in 18 U.S.C. §2250. A §2250 violation by an active registrant must occur in sequential order (*Carr* at 447): Showing an offender: 1. Is required to register 2. Travels in interstate commerce and 3. Knowingly fails to update a registration.

**Required to Register**
**Registration is a Local Activity**

34 U.S.C. §20911 clearly defines who is required to register, what constitutes a registry and a registering jurisdiction. If a party is required to be on a Jurisdiction's registry, then and only then, is the information pertaining to that registrant forwarded to the National registry database for inclusion per 34 U.S.C. §20921, a fact duly noted by the DOJ SMART OFFICE:

> [S]ex offender registration is *conducted at the local level*. . . . . .Every one of these systems has its own nuances and distinct features. Every jurisdiction (state, territory and tribe) makes its own determinations about who is required to register, what information offenders must provide, which offenders are posted on the jurisdiction's public registry website, and so forth. R.1.1, PageID 97, Appendix in support of

Complaint. [2]-[3]

**Does v. Snyder**

In *Does v. Snyder*, 834 F.3d 696 (6th Cir. 2016) the Court held that Michigan's

Sex Offender Registration Act (SORA), MCL 28.721 et seq., was retroactive

punishment in violation of Article 1 §10 Ex post facto clause of the U.S. Constitution.

In October 2017, the U.S. Supreme Court denied cert in *Does v. Snyder,* 834

F.3d 696 (6th Cir. 2016), reh'g denied (Sept. 15, 2016), cert. denied sub nom. *Snyder*

*v. Does*, __ U.S. __, 138 S.Ct. 55, 199L.Ed.2d 18 (2017) making the decision

controlling and binding for the states in the Sixth Circuit, a fact acknowledged by the

DOJ ( https://smart.gov/caselaw.htm. Office of Sex Offender Sentencing, Monitoring,

Apprehending, Registering, and Tracking March 2018. Complaint Appendix R.1.1

PageID 100.  34 U.S.C. §20945).

---

[2]

Sex Offender Registration Notification in the U.S: Current Case Law and Issues 2018

[3]

National Sex Offender Public Website
. . . NSOPW works much like a search engine: Jurisdictions connect their public sex offender registries to NSOPW by way of a web service or automated upload to enable NSOPW to query the jurisdictions' websites. Only information that is publicly listed on a jurisdiction's public sex offender registry website will display in NSOPW's search results. The Department of Justice does not administer the registration information searched for or displayed on NSOPW, and only ensures that jurisdictions' registries can be queried through and results displayed on NSOPW. Appendix in Support of Complaint R.1.1 PageID 97.

Due to this new change in circumstances, Appellant filed suit on 2-15-19 in U.S. District Court (Complaint R.1) seeking removal from both registries. Appellant brought forth seven (7) counts seeking declaratory relief R.1 (Complaint), (Final Opinion) R.23 PageID 563-64 (Count I Ex Post Facto Clause, Count II Fifth Amendment Double Jeopardy Clause, Count III Eighth Amendment Cruel and Unusual Punishment, Count IV First Amendment right to privacy, Count V Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment, Count VI; Fourth Amendment unreasonable seizure, Count VII Overbreadth and Vagueness Doctrines of the First and Fourteenth Amendments).

## Stipulation State of Michigan

On 4-4-19 Appellant was properly removed from the State of Michigan SORA registry (R.16, PageID 406, Stipulation and Order) in Federal Court, all claims against all State of Michigan Defendants were dismissed with prejudice. The stipulation held in part:

1.  In light of the Sixth Circuit decision in *Does v. Snyder*, 834 F.3d 696 6th Cir. 2016), *cert. denied*, 138 S. Ct. 55 (2017), and considering the undisputed facts underlying Plaintiff's claims, the parties wish to avoid further litigation and expense and consent to entry of this order.

2.  The State Defendants, as well as their officers, agents, servants, and employees, shall not enforce the 2006 and 2011 SORA amendments against Plaintiff.

3.    Under the SORA statutes applicable to Plaintiff, Plaintiff was subject to a 25-year registration, and the duration of his registration has ended. As a result, Plaintiff shall no longer be subject to any registration or verification requirements of SORA.

Per the above Stipulation and Order Appellant achieved his objective of removal from the SORA and SORNA registries. Since the matter had become moot, Appellant reached out to the DOJ to seek a stipulation for dismissal.

**Motion to Dismiss**

On 5-30-19 rather then agree to a stipulation or even discuss the matter, the DOJ instead filed a Motion to dismiss under F.R.C.P. 12 (R.18, Page ID 451).

For the first time in the case at hand, the DOJ claimed the Federal government could make a registering jurisdiction, via SORNA, force a former registrant back on a registry even if the former registrant is not required to register in the Jurisdiction in which they reside (DOJ Rule 12 Motion R.18, PageID 460).

The DOJ Motion asserted that the matter had been decided in the unpublished decision of *U.S v. Paul*, 718 F. App'x 360, 363-64 (6th Cir. 2017), R.18 PageID 460, which the DOJ considered as controlling Stare Decisis (the District Court also took this position infra). The DOJ further contended that an unpublished case could be controlling authority citing a footnote from another unpublished case *Hood v. Keller*, 229 F. App'x 393, 398 n.5 (6th Cir. 2007) (the District Court applied the same

rationale, despite contrary on point U.S. Supreme Court Stare Decisis, infra, R.23 PageID 568).

The DOJ claimed that *Paul* was indistinguishable (R.22 PageID 555, Rule 12 Reply) from the case at hand. This statement is patently false. The *Paul* case was an aberration with many procedural issues, which clearly underscores a great part of the reason it was not suitable for publication, infra.

*Paul* and every supporting case that was cited by the DOJ involved active registrants, with each registrant being in the early stages of their State registration obligations. Additionally all of these cases concerned registrants who had traveled in intrastate commerce by moving to another state or another country[4] with the intent of evading detection, resulting in federal charges under 18 U.S.C. § 2250.

In regard to each of the claims contained within Appellant's Complaint R.1 the DOJ contended that each claim had already been to presented to all relevant U.S. Courts and rejected (the District Court also took this position, infra).

**Appellant's F.R.C.P. 12 Response R.21**

Appellant asserted that he was removed from the Michigan registry in Federal

---

[4]

*U.S. v. Billiot*, 785 F.3d 1266, 1269 (8th Cir. 2015) moved to another state. *U.S. v. Pendleton*, 636 F.3d 78, 86 (3rd Cir. 2011) traveled, *Kennedy v. Allera*, 612 F.3d 261, 262 (4th Cir. 2010).

Court which achieved his objective of removal from the Michigan SORA and Federal SORNA registries and, as a result, the DOJ cannot make a Jurisdiction place a former registrant back on a registry. Rule 12 Response R.21 PageID 524.

**<u>Not One Documented Case</u>**

Appellant rejected as absurd the DOJ contention that Appellant would have a Defense for not registering under SORNA if Appellant would present himself to the State of Michigan to register and hope the State would turn him away. There is not one documented case of a former registrant, properly removed from a registry in Federal Court, being forced back on a registry absent a sex offense conviction post-dating removal (Rule 12 Response, R.21 PageID 538).

The above position is not required or mandated by the Plain Language of SORNA (one of the most comprehensive statutes ever passed by Congress and signed into law) and would lead to absurd or impracticable consequences. *U.S. v.Missouri Pac. R.R. Co.* 278 U.S. 269, 278 (1929).

**<u>Plain Language</u>**

Appellant pointed out that the Plain Language of SORNA clearly defines who is required to register, what constitutes a registry and a registering jurisdiction. Under 34 U.S.C. § 20921: If a party is required to be on a Jurisdiction's registry, then and only then, is the information pertaining to that registrant forwarded to the

National registry for inclusion per 34 U.S.C. §20921 (R.21 Page ID 508, 526, 530). The Federal registry only compiles the information to be queried, it is a "search engine."[5] An opposite finding would be an enlargement of SORNA, that "transcends judicial function." *Iselin v. U.S.,* 270 U.S. 245, 251 (1926).

Appellant presented two controlling U.S. Supreme Court decisions (R.21, PageID 540) directly on point *Carr v. U.S.* 560 U.S. 438, 453 (2010) and *Nichols v. U.S.,* 578 U.S. ___,136 S. Ct. 1113 (2016) yet the main case relied upon by the DOJ, and later the District Court, was an unpublished Sixth Circuit opinion.

## Res Judicata

Appellant asserted if the DOJ had true concerns in this matter they had a duty to avoid needless litigation and easily could have made their concerns known when the stipulation to remove Appellant was being discussed (R.21 PageID 541). The truth of the matter is the DOJ was an interested party, had advance notice of the stipulation and did not object. Their position was and is Res Judicata.

## Active v. Former Registrant

Appellant refuted the DOJ contention that all of the theories backing Appellant's claims have been heard and dismissed in prior rulings (Rule 12 Motion,

---

[5] The Plain Language of SORNA is clear that the power to place a party on a registry is a local matter, not Federal, a fact cited by the DOJ SMART office. See ft#3.

R.18 PageID 458).

Appellant pointed out all of those cases were applied to active registrants (not a former registrant properly removed in Federal Court) and as a result of the above an actual case and controversy exists. *Wright v. O'Day* 706 F.3d 769 (6th Cir.2013) threat of placement on a registry did in fact equal an injury in fact. Thus Appellant asserted viable claims under the 1st, 4th, 5th, 8th and 14th Amendments to the U.S. Constitution.

## **District Court Opinion R.23**

Citing the unpublished opinion of *U.S. v. Paul*, 718 F.App'x 360 (6th Cir. 2017) as persuasive and controlling the District Court held " the Sixth Circuit has already determined that a sex offender's obligations under SORNA do not depend on whether the sex offender has duties under applicable state sex offender registration laws" (Opinion, R.23 PageID 567).

The District Court opinion, essentially mirroring and borrowing directly from the DOJ brief, incorrectly held that the facts of Appellant's case and the facts of *Paul* are materially indistinguishable (R.23 PageID 568). The Court made this finding even though the defendant in *Paul,* was in the first few years of registration yet somehow, as part of a state court plea deal, it was negotiated that he did not have to register under state law from day one. On the other hand Appellant is *not* required

to register and was properly removed from the State of Michigan registry in Federal Court over 26 years after his conviction.  Indeed all of the cases cited by the Court and the DOJ involved registrants in the early stages of being required to register and whom all actively sought to evade registration in violation of 18 U.S.C. § 2250.

In addition to citing *Paul*, as controlling, the District Court supported its finding citing several other unpublished decisions including *Hood v. Keller*, 229 F. App'x 393, 398 n.5 (6th Cir. 2007) R.23 PageID 568.

The problem with the District Court's decision to cite unpublished authority is that it runs directly counter to on point U.S. Supreme Court Stare Decisis *Carr v. U.S* 560 U.S. 438 (2010), *Nichols v. U.S*, 136 S. Ct. 1113 (2016) and the Plain Language of multiple SORNA sections, all of which were squarely presented to the District Court, but which the Court choose to ignore.

**Claims addressed**

**Ex post facto**

In  dismissing Appellant's Ex post facto claim the Court held: "Plaintiff counters that the 2017 reclassification of SORNA from the civil code to the criminal code is clear proof that Congress intended SORNA to be punitive. This argument is unavailing" R.23 PageID 570, Rule 12 Opinion.

The reclassification of SORNA  was not raised by Appellant in his Rule 12

Response, it was raised at an earlier stage of litigation. (Reply Injunction Motion R.17 PageID). Why the Court raised the issue is unclear. Appellant's Ex post facto argument rests on other grounds, infra.

**Double Jeopardy**

Appellant did not brief 5th Amendment double jeopardy in his Rule 12 Response R.21 (issue was in Appellant's Complaint R.1), however the Court still addressed the issue R.23 PageID 571.

**Eight Amendment**

The Court dismissed Appellant's 8th Amendment claim citing *U.S. v. Felts,* 674 F.3d 599 (6th Cir. 2012) and *Cutshall v. Sundquist*, 193 F.3d 466, 474 (6th Cir. 1999) concluding that SORNA did not impose punishment.

The Court also noted Appellant argued "that the watershed landmark decision of *Timbs v. Indiana*, – U.S. --, 139 S. Ct. 682 (2019) has created a "dramatic landscape shift" which "clearly undercuts Defendant's reliance on *Cutshall* . . . to SORNA . . . because of [the] vast array of excessive punishments." Reply brief R.17 at Pg ID 422. Though Appellant did cite to *Timbs* in his Rule 12 Response R.21 PageID 536 the Court's citation once again (R.23 PageID 573) was to an earlier motion. Appellant's use of *Timbs,* which was missed by the Court, is briefed infra.

## Right to Privacy

The District Court held "[T]here is no fundamental right to privacy that is deeply rooted in our Nation's history in the context of sex offender registration statutes." Citing *Valentine v. Strickland*, No. 5:08-CV-00993, 2009 WL 9052193, at *8 (N.D. Ohio Aug. 19, 2009) R23 Page ID 574 (R.23 PageID 574). The Court also cited *Doe v. Michigan Department of State Police*, 490 F.3d 491 (6th Cir. 2007) in support of *Valentine and Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir. 1999).

## Privileges and Immunities Clause

In regard to the right of locomotion to travel freely the Court held: Travel is not banned under SORNA. *U.S. v. Holcombe*, 883 F.3d 12, 18 (2nd Cir. 2018) and thus a fundamental right is not be implicated.; *U.S. v. Byrd*, 419 F.App'x 485, 491 (5th Cir. 2011). R.23 PageID 576.

## Unlawful Seizure

Citing the unpublished *States v. Shannon*, 511 F.App'x 487, 491-92 (6th Cir. Jan.14, 2013) the District Court held: SORNA does not impose "affirmative disability or restraints." Opinion R.23 PageID 577.

## Overbreadth and Vagueness Doctrines

In dismissing Appellant's Overbreadth and Vagueness claim the District Court stated: "Plaintiff fails to identify the specific statutory language he is challenging,

therefore his claim is subject to dismissal on this basis alone. *McCloud v. U.S.*, No. 4:11-CV-1721, 2015 WL 224990, at \*21 (E.D. Mo. Jan. 15, 2015). R.23 PageID 578.

**<u>Issues Squarely Presented By Appellant Not Addressed By The District Court</u>**

Appellant raised and fully briefed the issues that:

1. Appellant is not an active registrant subject to SORNA.

2. *Carr v. U.S*, 560 U.S. 438, 453 (2010) and *Nichols v. U.S.*, 578 U.S. \_\_\_,136 S. Ct. 1113 (2016) are on point controlling U.S. Supreme Court Stare Decisis.

3. Making Appellant re-register under SORNA after being properly removed from the State of Michigan registry (in Federal Court) violated the Plain Language of SORNA.

4. The DOJ was a party to the litigation and failed to object to Appellant's removal from the Michigan registry which at the same time also resulted in Appellant being removed from the Federal registry. The federal removal occurred because the federal registry is only a "search engine," a fact the DOJ SMART OFFICE has made clear. This failure, in this civil action is Res Judicata.

**<u>Not an Active Registrant</u>**

As cited above and infra, Appellant was removed from the State of Michigan Registry in Federal Court, he is no longer an active registrant. All of the cases cited

by the District Court and the DOJ and the grounds upon which those cases rest were applied to active registrants. The District Court did not address the issue of a former registrant, properly removed from a registry in Federal Court, being forced to re-register under SORNA.

### ***Carr and Nichols***

*Carr v. U.S.,* 560 U.S. 438 (2010) and *Nichols v. U.S.*, 578 U.S. ___,136 S. Ct. 1113 (2016) are U.S. Supreme Court precedent directly on point and go to the heart of Appellant's brief, yet the District Court completely ignored both cases.

### **Plain Language**

As cited consistently throughout Appellant's Rule 12 Response (R.21 PageID 507) the position of the DOJ that it could force a former registrant, properly removed from a registry, to re-register under SORNA violates the Plain Language doctrine. Not once did the District Court address or even mention the Plain Language issue.

The only issues the District Court responded to which were raised by Appellant were those raised in an earlier motion in litigation. Rule 65 Motion, R.2 PageID 238.

### **Res Judicata**

Appellant squarely presented the issue of Res Judicata in his Rule 12 Response R.21 Page ID 539 and the DOJ did reply to the issue, but the Court failed to address the issue at all.

Based on the above Appellant filed a Notice of Intent to Appeal R.25, PageID 582 because the legal determinations of the District Court Final Opinion R.23 PageID 562, were reached in error and did not take into account matters outside of the pleadings or address issues squarely presented within Appellant's Response R. 21 PageID 507 to Appellee's Rule 12 (b) Motion R. 18 PageID 451.

## **STANDARD OF REVIEW**

**Level of Review Constitutional Scrutiny**

The District Court held that the all of the Counts within Appellant's Complaint R.1 were not fundamental rights of "constitutional dimension," and only applied rational-review scrutiny. *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998). *Does v. Munoz*, 507 F.3d 961, 966 (6th Cir. 2007). This standard was applied to the status of an active registrant.

Appellant is no longer a registrant, there are several fundamental rights within Appellant's Complaint R.1. PageID 25 which are "implicit in the concept of ordered liberty." *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 500 (6th Cir. 2007) *Reno v. Flores*, 507 U.S. 292, 302 (1993). The restrictions imposed on registrants are the most sweeping obstacle to the rights of an accused or convicted individual since *Gideon v. Wainwright*, 372 U.S. 335, 339 (1963). When criminal penalties are at stake . . . a relatively strict test is warranted. *Springfield Armory, v. City of Columbus*,

18

29 F.3d 250, 253 (6th Cir. 1994). *U.S. v. Caseer*, 399 F.3d 828, 836 (6th Cir. 2005)**.**

## Plain Language Statutory Interpretation

The District Court did not address or follow the *Plain Language* of multiple SORNA provisions and in fact created an enlargement of SORNA, that "transcends judicial function." *Iselin v. U.S,* 270 U.S. 245, 251(1926), resulting in impracticable consequences and an absurd result, *U.S. v.Missouri Pac. R.R. Co.* 278 U.S. 269, 278 (1929). "Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise", *Caminetti v. U.S.*, 242 U.S. 470, 485 (1917).

"[I]n interpreting a statute a court should always turn to one cardinal canon before all others. . . [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-254 (1992). "The starting point for Statutory interpretation is the statute itself.*" Sebelius v. Cloer* 569 U.S. 369, 376 (2013) " [statutory] language must ordinarily be regarded as conclusive."

## F.R.C.P. 12 (b)

A district court's dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Nat'l Hockey League Players Ass'n v. Plymouth Whalers, 419 F.3d 462, 468 (6th Cir. 2005). A district court's purely legal determinations, including a Rule 12(b)(6) motion to dismiss, is reviewed de novo. *State Dist. Council Of*

*Laborers Fund v. Omnicare,* 583 F.3d 935, 942 (6th Cir.2009).

When faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment. *Winget v. JP Morgan Chase Bank,* 537 F.3d 565, 576 (6th Cir.2008).

"[M]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account (public records, items appearing in the record of the case and exhibits)." *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). The court <u>must also consider</u> "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, v. Makor*, 551 U.S. 308, 322 (2007).

## Res Judicata

The District Court did not address the issue of Res Judicata though it was squarely presented. *Buck v. Thomas M. Cooley Law.,* 597 F.3d 812, 817 (6th Cir. 2010). A district court's application of the doctrine of res judicata, is reviewed de novo *Bragg v. Flint,* 570 F.3d 775, 776 (6th Cir.2009).

## Constitutionality of a Regulation

Determinations regarding statutory construction and the constitutionality of a federal statute are reviewed de novo. *U.S. v. Hart*, 635 F.3d 850, 856 (6th Cir.2011). *Entm't Prods. v. Shelby*, 721 F.3d 729, 733 (6th Cir. 2013).

<u>**SUMMARY OF ARGUMENT**</u>

Appellant filed suit R.1 (Complaint) in this matter in U.S. District Court for the Eastern District of Michigan on 2-5-19, seeking his removal from both the U.S. (SORNA) and State of Michigan (SORA) sex offender registries (conviction occurred in 1993). On 4-4-19 via Stipulation and Order (R.16, PageID 406) Appellant was properly removed from the State of Michigan registry and all claims against all State of Michigan Defendants were dismissed with prejudice, leaving Appellee as the sole Defendant.

Appellant's former registry information was also removed from all Federal SORNA websites because, as noted in the words of the DOJ SMART office, the federal government does not maintain an offender registry it simply compiles/links the information to be queried (it is a "search engine") of the Jurisdictions that are required to maintain a registry as noted in 34 U.S.C. 20911(9)(10) (See ft #3). The Court and Appellee never disputed or addressed the above SMART OFFICE statement though it was squarely presented multiple times.

<u>**Not One Documented Case**</u>

To date there is not one documented case of a former registrant being properly removed from a registry in Federal Court and then being forced to re-register under SORNA (absent a new sex offense conviction post-dating removal from a registry).

Since he was no longer an active registrant after removal, Appellant sought a stipulation for dismissal citing mootness. Instead the DOJ filed and asserted in a Rule 12 Motion, R.18 PageID 460 (which the Court granted) that Appellant was still subject to register under SORNA. The DOJ brief was based on the unpublished opinion of *U.S. v. Paul*, 718 F.App'x 360 (6th Cir. 2017).

The District Court's Opinion (R.23 PageID 562) also relied on the unpublished *Paul* opinion and several other unpublished decisions mentioned in DOJ briefs. Rule 12 Motion R.18 PageID 451 and Reply R.22 PageID 533).

All the cases cited by the Court and the DOJ noted above were in regard to active registrants only a few years removed from conviction and/or parole, who moved to other states or out of the country with clear intent to evade detection, in violation of 18 U.S.C. § 2250.

The problem with the District Court's decision to cite *Paul* and other unpublished authority as controlling (it is not) is that it runs directly counter to 100% on point U.S. Supreme Court Stare Decisis *Carr v. U.S,* 560 U.S. 438 (2010), *Nichols v. U.S*, 136 S. Ct. 1113 (2016) and the Plain Language of multiple SORNA sections, all of which were squarely presented to the District Court but which the Court completely choose to ignore.

## Plain Language. Registration is a Local Activity

The plain language of SORNA clearly defines who is required to register, what constitutes a registry and a registering jurisdiction. Under 34 U.S.C. § §20911: If a party is required to be on a Jurisdiction's registry, then and only then, is the information pertaining to that registrant forwarded to the National registry search engine for inclusion per 34 U.S.C. §20921.

Registration *is a local activity* that Congress, via SORNA, delegated to the States' (Jurisdictions) etc ... "as an incentive to control the enforcement of their own registries" *Carr* at 453, which is consistent with the requirement of 34 U.S.C. §20913 (e) that Jurisdictions offer a minimum punishment of up to one year for non-compliant offenders required to register with a Jurisdiction's registry, something no longer required of Appellant.

The Federal penalty for a non-compliant active registrant is set forth in 18 U.S.C. §2250 and a violation must occur in sequential order (*Carr* at 447): Showing an offender:

1. Is required to register

2. Travels in interstate commerce and

3. Knowingly fails to update a registration.

Allowing the District Court decision to stand would essentially be the creation

of a  residual clause to one of the most comprehensive statutes (SORNA) the U.S. Congress has ever passed, an enlargement which "transcends judicial function." *Iselin v. U.S.*, 270 U.S. 245, 251 (1926). It would also be green lighting the DOJ to use the holding as a means to bypass this Court's decision in *Does  v. Snyder*, 834 F.3d 696 (6th Cir. 2016).

As a party to the litigation, the DOJ had a duty to avoid  needless litigation and could easily have made any concerns known when the stipulation to remove Appellant was being discussed, yet they chose to remain silent. Since SORNA is a civil statute,  the failure of the DOJ to object or seek further review is in fact Res Judicata, infra.

Threat of placement on a registry for a former registrant properly removed from a registry in federal court is cruel and unusual punishment in violation of the 8th Amendment.

As a result of the above an actual case and controversy exists. *Wright v. O'Day* 706 F.3d 769 (6th Cir.2013). Appellant's claims under  the 1st, 4th, 5th, 8th and 14th Amendments to the U.S. Constitution remain viable.

The DOJ contended Appellant could have a Defense for not registering under SORNA if he would present himself to the State of Michigan to re-register and hope the State would turn him away.

The above position is not required or mandated by the Plain Language of SORNA and would lead to absurd or impracticable consequences. *U.S. v.Missouri Pac. R.R. Co.* 278 U.S. 269, 278 (1929). At the minimal, if Appellant does not engage in interstate travel with the intent to evade or habitually reside in another Jurisdiction, SORNA does not apply.

Appellant also notes the shift in the SORNA landscape since *Smith v. Doe* 538 U.S. 84 (2003) and *McKune v. Lile* 536 U.S. 24, 34 (2002) were decided. As Justice Kennedy, the author of *Smith* and *McKune,* noted writing for a unanimous Court in *Packingham, v. North Carolina,* 137 S.Ct. 1730 (2017):

> the "troubling fact" SORNA has grown to impose severe restrictions "on persons who already have served their sentence and are no longer subject to the supervision of the criminal justice system" at 1738.

SORNA has outgrown its original mandate, its scale and enormity in fact equal cruel and unusual punishment under the 8th Amendment. The only sensible remedy is to return internet publication of registration information available to law enforcement only, while still allowing a path to removal from any jurisdictions registry.

For the reasoning within, Appellant at the minimal seeks a Declaratory Opinion and Order from this Court that SORNA no longer applies to him or any similarly situated former registrant.

## ARGUMENT

**I.     CAN A FORMER REGISTRANT, PROPERLY REMOVED FROM A REGISTRY IN FEDERAL COURT, BE FORCED TO RE-REGISTER EVEN IF DOING SO CONFLICTS WITH CONTROLLING ON POINT U.S. SUPREME COURT STARE DECISIS AND VIOLATES THE PLAIN LANGUAGE OF SORNA?**

Though Appellant was removed from the State of Michigan SORA registry in Federal District Court, the Court later sided with the DOJ which asserted they can make Appellant re-register with SORNA.  The  sole controlling authority cited for this position  is *U.S. v. Paul*, 718 F.Appx. 360  (6ᵗʰ Cir. 2017) a case which did not meet any of the criteria[6] for consideration for publication.  Throughout its findings the District Court's Opinion (R.23 PageID 562) further propped the *Paul* opinion up, citing several other unpublished decisions (supra, infra) mentioned in DOJ briefs. Rule 12 Motion R.18 PageID 451, Reply R.22 PageID 533.

The findings of the District Court completely ignored and run counter to the on point U.S. Supreme Court Opinions of  *Carr v. U.S.*, 560 U.S. 438, 453 (2010) and *Nichols v. U.S*,  578 U.S. ___, 136 S. Ct. 1113 (2016) which Appellant fully briefed (Rule 12 Response R.21 Page ID 507).  The findings also run counter to the clear

---

[6] Per 6 Cir. I.O.P. 32.1 Preparation and Release of Opinions; Publication of Decisions, the *Paul* case did not meet the criteria for publication. Addendum A1.

language of SORNA and in fact creates a rule where one does not exist.

While there have been many Constitutional challenges to SORNA there are few challenges to its textual interpretation, such challenges have focused on the use of past and present tense within SORNA. SORNA is a comprehensive, contemporary statute written in clear terms with a host of unambiguous definitions. The plain language of SORNA clearly defines who is required to register, what constitutes a registry and a registering jurisdiction. Under 34 U.S.C. §20911:

> (9) Sex offender registry-The term "sex offender registry" means a registry of sex offenders, and a notification program, maintained by a jurisdiction.

> (10) Jurisdiction-The term "jurisdiction" means any of the following: (A) A State. (B) The District of Columbia. (C) The Commonwealth of Puerto Rico. (D) Guam. (E) American Samoa. (F) The Northern Mariana Islands. (G) The United States Virgin Islands. (H) To the extent provided and subject to the requirements of section 20929 of this title, a federally recognized Indian tribe.

Per the above, individuals on the Federal website are there only because they are required, by a Jurisdiction, to be on that Jurisdiction's registry.

If a party is required to be on a Jurisdiction's registry, then and only then, is the information pertaining to that registrant forwarded to the National registry for inclusion per 34 U.S.C. §20921 National Sex Offender Registry (a) Internet:

> The Attorney General shall maintain a national database at the Federal Bureau of Investigation for each sex offender and any other person

required to register in a jurisdiction's sex offender registry. The database shall be known as the National Sex Offender Registry.

Furthermore under 34 U.S.C. §20922:

Dru Sjodin National Sex Offender Public Website (a) Establishment (b) . . . The Website shall include relevant information for each sex offender and other person <u>listed</u> on a jurisdiction's Internet site.

## <u>Plain Language</u>

The plain language doctrine has been an unwavering bedrock of American jurisprudence as defined by the U.S. Supreme Court: "Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise," *Caminetti v. U.S.*, 242 U.S. 470, 485 (1917), [W]here the language of an enactment is clear and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended; *U.S. v. Missouri Pac. R.R. Co.*, 278 U.S. 269, 278 (1929).

Since it should be generally assumed that Congress expresses its purposes through the ordinary meaning of the words it uses, we have often stated that '[absent] a clearly expressed legislative intention to the contrary, [statutory] language must ordinarily be regarded as conclusive.' *Escondido Mut. Water Co. v. La Jolla Band of Mission Indians*, 466 U.S. 765, 772 (1984).   *Nichols v. U.S.*, 136 S. Ct. 1113, 1118

(2016) "We interpret criminal statutes, like other statutes, in a manner consistent with ordinary English usage."

**Registration is a Local Activity.**

The federal government does not maintain an offender registry, it simply compiles/links the information to be queried (it is a "search engine") of the Jurisdictions that are required to maintain a registry. In *Carr v. U.S.*, 560 U.S. 438 (2010) the Court noted that registration is a local activity, that SORNA in fact delegated registration to the States etc ... "as an incentive to control the enforcement of their own registries" at 453.  The Court further noted the status given to the registering jurisdictions:

> Congress instead chose to handle federal and state sex offenders differently. There is nothing "anomal[ous]" about such a choice . . . . It is similarly reasonable for Congress to have given the States primary responsibility for supervising and ensuring compliance among state sex offenders and to have subjected such offenders to federal criminal liability *only* when, after SORNA's enactment, they use the channels of interstate commerce in evading a State's reach. At 457.

[I]t is notable that the federal sex-offender registration laws have, from their inception, expressly relied on state-level enforcement *Carr* at 453.  The DOJ SMART-Office has also noted: Registration is a Local Activity:

> Every U.S. state, the District of Columbia, the five principal U.S. territories and over 125 federally recognized Indian tribes have their own sex offender registration and notification systems. Every one of

these systems has its own nuances and distinct features. Every jurisdiction (state, territory and tribe) *makes its own determinations* about who is required to register, what information offenders must provide, which offenders are posted on the jurisdiction's public registry website, and so forth. [7]

The above is in step with the clear Plain Language of SORNA, the U.S. Supreme Court's and Sixth Circuit application of SORNA as noted in *Nichols v. U.S. States*, 136 S. Ct. 1113 (2016)[8] and *U.S. v. Felts* 674 F.3d 599, 603 (6th Cir. 2012):

> Rather than establishing a federal agency to implement SORNA, Congress, through its spending power, U.S. Const. Art. I, § 8, directed all states and the District of Columbia to create local registries that comply with specific national standards.42 U.S.C.§16911(10), 16912(a).

In fact, SMART-Office information complied by SORNA in regard to registrants required to be on a jurisdictions registry is similar to a Google search, connecting Jurisdictions registries via NSOPW. Only information that is publicly listed on a jurisdiction's registry will display in NSOPW's search results. The DOJ does not administer the registration information, it only ensures that jurisdictions' registries can be queried. (See footnote #3).

---

[7] DOJ https://smart.gov/caselaw.htm. SMART- Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking 2018. R.1.1, PageID 97.

[8] *Nichols* and *Felts*. Active registrants were charged under 18 U.S.C. § 2250 after leaving the country.

**<u>18 U.S.C. § 2250</u>**

The Plain Language and definitions of SORNA as to the terms, required, registry and jurisdiction, supra directly impact SORNA section 18 U.S.C. § 2250:

> Failure to register (a) IN GENERAL.—Whoever— (1) is required to register under the Sex Offender Registration and Notification Act; (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act.

**_<u>Nichols v. U.S.</u>_**

18 U.S.C. § 2250 was the direct focus in the 9-0 decision of _Nichols v. U.S._, 136 S. Ct. 1113 (2016) where a State of Kansas resident and active registrant left the U.S. for the Philippines without informing Kansas authorities. The Defendant was brought back to Kansas and convicted as in _Felts_. Unlike _Felts_ and the defendant in the unpublished _Paul_ case, the defendant in _Nichols_ was granted cert before the U.S. Supreme Court. Writing for a unanimous Court Justice Alito noted 1116:

> Congress made it a federal crime for a sex offender who meets certain requirements to "knowingly fai[l] to register or update a registration as required . . 18 U. S. C. §2250(a)(3); _Carr_ . . 560 U. S. 438 –442.

> To be found guilty of a 18 U.S.C. §2250 violation it must be shown in

sequential order (*Carr v. U.S.*, 560 U.S. 438, 447 (2010) that a party:

1. Is required to register

2. Travels in interstate commerce and

3. Knowingly fails to update a registration,

Yet updating is not required, as the Court held section 42 §16914(a) (now section 34 U.S.C. §20914) "merely lists the pieces of information that a sex offender must provide if and when he updates his registration; it says nothing about whether the offender has an obligation to update his registration in the first place" at 1118. The Court also noted that the Plain Language of the statute is framed in a "consistent use of the present tense" at 1118.

Furthermore there is no duty for even an active registrant to register while only passing through multiple state/jurisdictional lines (per Justice Alito the Court used the example of driving an RV across multiple state (Jurisdictional) lines at 1118-19.)

Also noteworthy in *Nichols,* the contentions of the Federal government were that the defendant had to give notice to his registering Jurisdiction, Kansas, and not the Federal government of his intent to travel, which is consistent with the requirement that Jurisdictions establish a minimum punishment of up to one year jail time for a non-complaint active registrant. 34 U.S.C. §20913(e) (State penalty failure to comply)"as an incentive to control the enforcement of their own registries", supra.

In the case at hand if an active registrant does not have to register while passing through a jurisdiction then clearly the same would be true of a former registrant such as Appellant who has been removed from a registry in Federal Court.

### *Carr* Defined Clear Use of Present Tense Resides & Required

Before 4-4-2019 Appellant was required to register but he is no longer required to be on the State of Michigan registry. The term required is clearly defined in the present tense and placement on a registry is left to the Jurisdiction in which a registrant resides.

The terms "resides" in 18 U.S.C. 2250 was the main subject of debate in *Carr*. The *Carr* Court noted the clear language of 18 U.S.C. § 2250 and its use of the term "resides" was present tense. "A statute's "undeviating use of the present tense" is a "striking indic[ator]" of its "prospective orientation." *Carr*, at 449 citing *Gwaltney. v. Chesapeake* , 484 U.S. 49, 59 (1987). In fact, it was noted in its entirety that the Plain Language of 18 U.S.C. § 2250 was stated in the present tense, which includes the phrase **"**whoever is required," "elements of a §2250 violation are similarly set forth in the present tense." *Carr* at 450.

As the Supreme Court has explained: "[I]n interpreting a statute a court should always turn to one cardinal canon before all others. . . .[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there."

*Connecticut National Bank v. Germain*, 503 U.S. 249 (1992). Indeed, "[w]hen the words of a statute are unambiguous, then, this first canon is also the last: `judicial inquiry is complete.'"Id."Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another." *Estate of Bell v. Commissioner*, 928 F.2d 901, 904 (9th Cir. 1991).

Absent a sex offense conviction post-dating removal from a registry, there is zero authority to support the threatened position that a former registrant, who was properly removed from a registry in Federal Court, can be forced back on a registry. Such a rule does not exist.

Allowing the decision of the District Court to stand would essentially be the creation of a residual clause to one of the most comprehensive statutes (SORNA) the U.S. Congress has ever passed and would be an enlargement of SORNA, that "transcends judicial function." *Iselin v. U.S.,* 270 U.S. 245, 251 (1926). It would also be green lighting the DOJ to use the holding as a means to bypass this Court's decision in *Does v. Snyder*, 834 F.3d 696 (6th Cir. 2016).

At the minimal, if Appellant does not engage in interstate travel with the intent to evade or habitually reside in another state, SORNA does not even apply to him or any other similarity situated individual.

**II.    IT WOULD BE A VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION AND THE PLAIN LANGUAGE OF SORNA TO THREATEN A FORMER  REGISTRANT WITH PLACEMENT BACK ON A  JURISDICTION'S REGISTRY WHEN THEY WERE ALREADY PROPERLY REMOVED VIA STIPULATION AND ORDER IN FEDERAL COURT**

The District Court held the Sixth Circuit's decision in  *U.S. v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012)[9] foreclosed any 8th Amendment claim for  cruel and unusual punishment or an excessive fine holding "SORNA does not increase the punishment for the past conviction." Final Opinion R.23 PageID 572.

The District Court further stated (R.23 PageID 573) it did not agree with Appellant's contention that the 8th Amendment case of  *Timbs v. Indiana*, – U.S. --, 139 S. Ct. 682 (2019) was a watershed[10] landmark decision which created a "dramatic landscape shift" which "clearly undercuts Defendants reliance on *Cutshall* . . . to SORNA . . . because of [the] vast array of excessive punishments."

In his Rule 12 Response (R.21 PageID 539, 546 Appellant cited *Timbs* and

---

[9] The Court also noted *Cutshall v. Sundquist*,193 F.3d 466 (6th Cir. 1999).

[10] Watershed rules:" implicat[e] the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990). See *O'Dell v. Netherland*, 521 U.S. 151, 167 (1997) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963) as an example of  a " watershed rule," which was so essential to the fairness of a proceeding that it altered the understanding of bedrock procedural elements).

*Packingham, v. North Carolina,* 137 S.Ct. 1730 (2017) in part to highlight changes[11] in the landscape since *Smith v. Doe* 538 U.S. 84 (2003) & *McKune v. Lile* 536 U.S. 24, 34 (2002) were decided.

When *McKune* was handed down the original intent of SORNA type statutes was clearly to create a database to protect children from sexual predators, the act was even called the Child Protection Act (citations omitted).

In a 5-4 plurality decision *McKune v. Lile*, 536 U.S. 24, 34 (2002) Justice Kennedy writing for the Court held: "such a frightening and high risk of recidivism" among sex offenders, a rate "estimated to be as high as 80%." Justice Kennedy relied on an amicus brief from the U.S. Department of Justice for the erroneous statistic.

The amicus brief in question referenced: The U.S. Dept. of Justice, Nat. Institute of Corrections, A Practitioner's Guide to Treating the Incarcerated Male Sex Offender xiii (1988). The Practitioner's guide reference source was an article which was derived from a popular 1980's check-out line magazine periodical, PSYCHOLOGY TODAY, Mar. 1986. Robert E. Freeman-Longo & R. Wall,

---

[11] Personal information via websites was once for law enforcement only, now it is made public and is a continuing source of scorn, humiliation and only serves as a form of continuing punishment. If the law enforcement-only standard should again became the standard nearly all the docket clogging challenges to SORNA would cease. Complaint R.1 PageID 24 para 88-91, PageID 45 para 185, PageID 56-7 last para. Though a path to removal from any jurisdictions registry should remain.

Changing a Lifetime of Sexual Crime.

Since the amicus was submitted by then U.S. Solicitor General Theodore Olson, without question one of the most accomplished and preeminent attorneys to ever practice before the Supreme Court, the erroneous "frightening and high" "80%" language which came from the DOJ field manual went unchecked, dug in, took root and unfortunately found a home in the lexicon of American jurisprudence.

As noted by this Court in *Does v. Snyder*, 834 F.3d 696 (6th Cir. 2016) the recidivism findings in *McKune v. Lile* and *Smith v. Doe* were reached in error and were disproved and debunked. (See Ellman, Ira Mark; Ellman, Tara. (2015). "Frightening and high": the Supreme Court's crucial mistake about sex crime statistics. University of Minnesota Law School. Retrieved from the University of Minnesota Digital Conservancy. Constitutional Commentary, Vol. 30, Issue 3 (Fall 2015) Appendix to Complaint R.1.1 PageID 108.[12]-[13] -[14]

---

[12] https://conservancy.umn.edu/handle/11299/188087 R.1.1,Appendix pg 12)

[13] *Does v. Snyder*, multiple law review articles backed by empirical evidence (Appendix in Support of Complaint R.1.1 PageID 105-150, R1. PageID 13-17, para 44-64).

[14] Yet the DOJ still put forward the disproved arguments made in *McKune*. Rule 65 Response R.13 PageID 352 while also including the wild assertion that "Polygraph examinations on a sample of sex offenders with fewer than two known victims (on average) actually had an average of 110 victims and 318 offenses.

SORNA has in fact become much more comprehensive then the statutes that were in question in *Smith*[15] and *Mckune,* so much so that even Justice Kennedy, the author of those opinions, felt the necessity to opine his observations[16] about such restrictions in the 9-0 decision in *Packingham, v. North Carolina,* 137 S.Ct. 1730 (2017) stating:

> the "troubling fact" SORNA has grown to impose severe restrictions "on persons who already have served their sentence and are no longer subject to the supervision of the criminal justice system" at 1738.

That there has been a landmark shift was given further credence when the unanimous opinion of *Timbs* included a reference to *Packingham,* which seemingly indicates a trend that the High Court is indeed re-examining some of this Nation's most commonly challenged, docketed, criminal and quasi-criminal statutes and holdings, just as the Court did in *Currier v. Virginia*, 138 S.Ct. 2144, 2155 (2018) (ruled on double jeopardy and claim and issue preclusion, infra).

**District Court Ignored
On Point U.S. Supreme Court Stare Decisis**

The District Court dismissed the holding of *Timbs*, and did not even

---

[15] The prior statutes in effect during the time of *Smith* and *Mckune* were repealed and replaced (citations omitted).

[16] Echoing J. Stevens on point dissent in *Smith v. Doe* 538 U.S. 84, 113 (2003).

acknowledge Packingham in its Opinion and Grant of Dismissal (R.23 PageID 562). The Court went even further and ignored the on point controlling U.S. Supreme Court Stare Decisis of both *Carr v. U.S*, 560 U.S. 438 (2010) and *Nichols v. U.S.*, 136 S. Ct. 1113 (2016) which unequivocally support the fact Appellant is no longer required to register. Instead the Court fully and erroneously adopted the DOJ position and embraced the unpublished opinion of *U.S. v. Paul*, 718 F.App'x 360 (6th Cir. 2017) as controlling authority of this matter. It is not. Additionally throughout its findings the District Court's Final Opinion (R.23 PageID 562) also relied heavily on several other unpublished decisions mentioned in the DOJ briefs. Rule 12 Motion R.18 PageID 451 and Reply R.22 PageID 533.

Appellant was properly removed in Federal Court from the State of Michigan SORA registry (Stipulation R.16, PageID 406) and as noted in *Carr*, supra the U.S. government *only compiles/links the information to be queried* (it is a search engine) of each jurisdiction and which individuals are required[17] to appear on a registry is a local matter (also noted by DOJ SMART OFFICE supra, infra).

---

[17] `[i]n the absence of *strong indicia* of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate.'" (*Middlesex County. v. National Sea Clammers Ass'n*, 453 U.S. 1, 15 (1981). *Chevron, U.S.A., v. Natural Res. Def. Council*, 467 U.S. 837, 842-43 (1984); *Citizens Coal Council v. U.S. E.P.A.*, 447 F.3d 879, 890-92 (6th Cir.2006).

Absent a conviction post-dating his removal from the Michigan registry or deciding to reside/relocate to another jurisdiction, where it would be asserted the new state must recognize and accept the Federal Order  (Article IV, Section 1, Full Faith and Credit), the status of Appellant cannot be changed.  It would be cruel and unusual punishment to require an individual to comply with restrictions that a Federal Court has already Ordered that they are no longer required to follow.

## Not One Documented Case

At the heart of the 8th Amendment is the prohibition against cruel and unusual punishment, the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense." *Weems v. U.S.* , 217 US 349, 367  (1910).[18] (R.1, PageID 46-50. Para #187-217 )

The restrictions imposed on registrants are the most sweeping obstacle to the rights of an accused or convicted individual since *Gideon v. Wainwright*, 372 U.S. 335 (1963). The original Act directive was the protection of children from pedophiles and has rapidly accelerated into a wholesale dragnet encompassing a host of other offenses.

The Constitution does not permit a legislature to "set a net large enough to

---

[18] Full Opinion *Timbs v. Indiana*, No. 17–1091, 586 U.S. (2019), R.17.1, PageID 425**.**

catch all possible offenders." *Chicago v. Morales*, 527 U.S. 41, 60 (1999).

Registration allows: The State with all its resources and power . . . to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity. *Crist v. Bretz,* 437 U.S. 28, 35 (1978) citing *Green,* v. U.S. 355 U.S. 184, 187-88 (1957). Such degrading punishment is cruel and unusual. *Furman v. Georgia*, 408 U.S. 238, 271 (1972), [A] punishment may be degrading simply by reason of its enormity at 273.

The District Court's ruling is an enlargement of SORNA, which "transcends judicial function." *Iselin v. U.S.*, 270 U.S. 245, 251 (1926) and no party has the right to enforcement of an unconstitutional law . . . *Tyson Foods v. McReynolds*, 865 F.2d 99, 103 (6th Cir. 1989).

As noted above via the Plain Language of SORNA, the DOJ does not have the right to enforcement of a law that does not exist, indeed that would amount to arbitrary punishment under the 8th Amendment. *U.S. v Brown*, 381 US 437, 442 (1965).

There is not one documented case of a former registrant, who was properly removed from a registry, being forced back on a registry because of a SORNA mandate which does not exist. The threatened actions are indeed cruel, unusual and

excessive in violation of the 8th Amendment.[19]

Appellant seeks an Opinion and ORDER affirming SORNA does not apply to him (or other similarly situated individuals) and that he cannot be placed on a registry and subject to registration. Absent a sex offense conviction post-dating removal from a registry, there is zero authority to support the position.

## III. REMOVAL FROM A JURISDICTION'S REGISTRY ALSO RESULTS IN REMOVAL/ NOT BEING REQUIRED TO BE ON THE SORNA REGISTRY. SORNA IS A CIVIL STATUTE. FAILURE BY AN ADVERSE PARTY TO THE LITIGATION TO OBJECT TO REMOVAL IS RES JUDICATA.

In *Does v. Snyder*, 834 F.3d 696 (6th Cir. 2016), the Court ruled that Michigan's SORA was unjust[20] and violated the Ex post facto clause (Article 1 § 10) of the U.S. Constitution. The U.S. Supreme Court denied cert thus affirming *Snyder,* and making the decision controlling and binding for the states that comprise the U.S. Sixth Circuit Court of Appeals, a fact acknowledged by the DOJ: https://smart.gov/caselaw.htm. (Appendix in Support of Complaint R.1.1 PageID

---

[19] The 8th Amendment to the U.S. Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The 8th Amendment is applicable on the states via the 14th Amendment, *Robinson v. California*, 370 U.S. 660 (1962).

[20] "[R]etrospective laws are, indeed, generally unjust." J. Thomas concurring, *Eastern Enterprises v. APFEL,* 524 U.S. 498, 538 (1998)

100). The plain language of SORNA and its definitions supra, make clear the U.S. Government does not maintain a registry, is not a Registering jurisdiction, with whom registrants are required to register, that duty and power over a registry is a *local matter*, as acknowledged by the U.S. Supreme Court (*Carr* at 453) and the DOJ SMART OFFICE supra.

The District Court misconstrued the intent of SORNA when it held that *U.S v. Felts*, 674 F.3d 599 (6th Cir. 2012) applies to SORNA and *Does v. Snyder,* 834 F.3d 696 (6th Cir. 2016) only applies to SORA (Opinion, R.23 PageID 569). SORNA clearly directs each Jurisdiction to set up a registry and implement standards for all of those required to be on a Jurisdiction's registry. Per *Snyder*, Appellant was properly removed from the Michigan registry and as a consequence he was also removed from the Federal registry.

The U.S. Supreme Court has clearly noted:

Registration is a local activity that Congress via SORNA delegated to the States' (Jurisdictions') etc ... "as an incentive to control the enforcement of their own registries"*Carr* at 453.

Not once did the DOJ brief address the DOJ Smart Office ruling, which also noted and accepted the fact that registration is conducted at the local level, this undisputable fact equals a waiver mooting any challenge now or at a later date. *Marek v. Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir.1995), *Jenkins v. Riverside*, 398

43

F.3d 1093, 1095 n.4 (9th Cir. 2005), *Fleishman v. Cont'l Cas.,* 698 F.3d 598,608-9 (7th Cir. 2012) (rules "prevent parties from getting two bites at the apple").

Appellant was removed from Michigan's SORA registry via Stipulation between Appellant and all State of Michigan Defendants and a proper Order was entered in the District Court. Reasonable diligence would dictate that, if the DOJ had any objections to the Stipulation and Order, those objections should have been raised at that time.

## Res judicata

SORNA is a civil statute to which double jeopardy does not apply but to which the principles of Res Judicata/claim preclusion and issue preclusion also known as collateral estoppel [21] do apply *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 n.1 (6th Cir. 1987). As an involved litigant the DOJ was a party to the suit and had advance notice of Appellant's removal, yet did not once object until raising the issue in passing, in their Rule 12 Motion to Dismiss R.18 PageID 460.

As a matter of law the DOJ could have obtained further review in this initial action (*Currier v. Virginia*, 138 S.Ct. 2144, 2155 (2018)) but instead chose to remain

---

[21]

*Parklane Hosiery. v. Shore*, 439 U.S. 322, 326 n. 5 (1979). The Restatement of Judgments speaks of res judicata as "claim preclusion" and of collateral estoppel as "issue preclusion." Restatement (Second) of Judgments § 27 (1982).

silent. The doctrine of the law of the case provides that "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *U.S. v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990):

> Historically, both claim and issue preclusion have sought to "promot[e] judicial economy by preventing needless litigation." *Currier* at 2151 citing *Parklane Hosiery.,* 439 U.S. 322, 326 (1979).

The DOJ failed to object to the Stipulation and Order (R.16 PageID 406) which removed Appellant from both the SORNA and SORA registries, thus waiving the issue entirely. The assertion that Appellant could be made to re-register is solely based on an unpublished opinion which conflicts with on point U.S. Supreme Court Stare Decisis. The matter has been decided, the failure to obtain further initial renew is in fact Res judicata *Parklane Hosiery. v. Shore,* 439 U.S. 322, 326 n. 5 (1979). *Buck v. Thomas M. Cooley Law,* 597 F.3d 812, 817 (6th Cir. 2010).

A party has no right to enforcement of an unconstitutional law . . . *Tyson Foods v. McReynolds,* (citation omitted) and as noted above the DOJ, via the Plain Language of SORNA, does not have the right to enforcement of a law that does not exist.

This issue was defined and narrowed through briefing and allowing the District Court's Opinion to stand would operate as an enlargement of SORNA, which "transcends judicial function." *Iselin v. U.S.*, 270 U.S. 245, 251(1926).

**IV. APPELLANT IS NOT AN ACTIVE REGISTRANT, HE WAS PROPERLY REMOVED FROM THE REGISTRY IN FEDERAL COURT, AN ACTUAL CASE AND CONTROVERSY EXISTS.**

**Not one Case**

There is not one case of a former registrant, properly removed from a registry, being forced back on a registry based solely on the fiat of any government agency.

**Case and Controversy**[22]
**Article. III, Section 2, Clause 1**

Under Art. III, Sec.2 Cl. 1 of the U.S. Constitution the basic inquiry if an actual case or controversy exists is whether the "conflicting contentions of the parties ... present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Michigan State Chamber of Commerce v. Austin*, 788 F.2d 1178, 1184 (6th Cir. 1986) citing *Railway Mail Assn. v. Corsi,* 326 U.S. 88, 93 (1945). *Muskrat v. U.S.*, 219 U.S. 346 (1911).

"A party does not first have to expose themself to actual arrest or prosecution

---

[22]

Counts I -VII of Appellant's Complaint R.1 are discussed below but not in the same order as they appear in the Complaint.

Count II 5th Amendment Double Jeopardy Clause, is not briefed since the issue has been decided for the foreseeable future in *Currier v. Virginia*, 138 S.Ct. 2144 (2018) (double jeopardy).

Count III 8th Amendment briefed more fully above in its own section.

to be entitled to challenge a statute they claim infringes on the free exercise of their constitutional rights." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) and they "should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." *Doe v. Bolton*, 410 U.S. 179, 188 (1973).

The District Court held the theories within Appellant's Complaint have been rejected throughout this Nation's Courts (Opinion R.23 PageID 569, 575-76, 579), yet all of those theories were applied to cases involving active registrants (not a former registrant properly removed in Federal Court).

Because of the District Court's opinion and because Appellant is no longer a registrant, the claims in Appellant's Complaint are sufficiently live enough to establish an actual case and controversy. As noted in *Wright v. O'Day* 706 F.3d 769, 773 (6th Cir. 2013) which is directly on point to this issue, the threat of placement on a registry does in fact equal an injury:

> In *Cutshall v. Sundquist*, we held that a sex offender had established an injury in fact sufficient to challenge a statute requiring his listing on a sex offender registry. 193 F.3d 466, 472 (6th Cir.1999). We held that the offender faced a specific threat every day because law enforcement officials could release his registry information at any time. Id. The State argued that there was no clear injury until the offender's registry information was about to be released. We rejected the state's argument, because it would require the offender to wait until his registry information had been released in order to challenge the statute.

> Based on the above, the threat of having to re-register does in fact amount to

an actual case and controversy and Appellant's claims remain sufficiently viable until this Court issues an Order that, because Appellant is no longer required to register under Michigan's SORA, he is also no longer required to register under SORNA.

**1st Amendment Privacy Count IV and 4th Amendment  Seizure Count VI**

The "implied "right to privacy" was established in  *Stanley v. Georgia*, 394 U.S. 557, 564 (1969), which noted the Framers conferred, as against the Government, the right to be let alone as the most comprehensive of rights and the right most valued by civilized man.

Applying SORNA to a non-registrant such as Appellant would not only invade his privacy but make him  "scarcely at liberty", remaining  apprehended and arrested in his  movements, indeed 'seized so long as it is asserted he is bound to answer the Federal registration requirements and restrictions or be confronted with a loss of liberty. *Albright v. Oliver*, 510 U.S. 266, 279 (1994) .  As Justice Stevens correctly noted in his dissent in Albright at 290 (also Right to Travel infra):

> "[T]he initial seizure of registrant continues until discharge." which may never occur, but will last at the minimal 15 to life."

In the case at hand Appellant is no longer a registrant, yet is subject to seizure.

**5th and 14th Amendment Right to Travel Count V**

Court ordered travel restrictions have been found to diminish liberty,

constituting a seizure in the 2nd, 3rd and 5th Circuits. The 6th Circuit has not addressed the issue directly to date. *Murphy v. Lynn*, 118 F.3d 938 (2nd Cir. 1997), *Gallo v. City of Philadelphia,* 161 F.3d 217, 222 (3rd Cir. 1998). *Evans v. Ball,* 168 F.3d 856, 861 (5th Cir. 1999).

"[P]ersonal liberty consists, says Blackstone, in the power of locomotion, of changing situation, or removing one's person to whatever place one's own inclination may direct, without restraint. *Civil Rights Cases*, 109 U.S. 3, 39 (1883) (Harlan, J., dissenting). "[T]he right to remove from one place to another according to inclination, is an attribute of . . . liberty . . . secured by the Fourteenth Amendment and by other provisions of the Constitution." *Williams v. Fears*, 179 U.S. 270, 274 (1900).

In the matter at hand SORNA and SORA no longer apply to Appellant, he is now an average member of the community and "[a] law which punished conduct which would not be blameworthy in the average member of the community would be too severe for that community to bear." *Lambert v. California*, 355 U.S. 225, 230 (1957).

## 14th Amendment Due Process

Substantive due process applies to the right a plaintiff has been denied, life, liberty or property. *County of Sacramento v. Lewis* 523 U.S. 833 (1998) *Daniels, v. Williams*, 474 U.S. 327 (1986), *Cleveland Board. of Education. v. Loudermill*, 470

U.S. 532, (1985).

Appellant is no longer a registrant. Per the above and under 34 U.S.C. §20913 (e) and 18 U.S.C. §2250 (arguments supra), Appellant is not required to register under SORNA, any contrary assertion that he could be forced to re-register is a sufficient threat of a loss of his liberty (actual injury).

The Fourteenth Amendment requires due process of law for the deprival of "liberty," just as for deprival of "life," and there cannot constitutionally be a difference in the quality of the process based merely upon a supposed difference in the sanction involved. *Gideon v. Wainwright*, 372 U.S. 335, 350 (1963). "[T]he full scope of the liberty guaranteed by the Due Process Clause . . . is not a series of isolated points . . . . It is a rational continuum which, broadly speaking, includes a freedom from all substantial arbitrary impositions and purposeless restraints . . . ." Justice Souter, concurring *Albright v. Oliver,* 510 U.S. 266, 288 (1994). "[o]ne does not have to await the consummation of threatened injury to obtain preventive relief." *Farmer v. Brennan* 511 U.S. 825, 827 (1994).

**Ex Post Facto Clause-Count I**

The District Court held that SORNA does not violate the Ex Post Facto Clause of the U.S. Constitution (Article 1 § 9 ) citing in part, *U.S. v. Felts*, 674 F.3d 599 (6th Cir. 2012) and an unpublished case from a sister circuit *U.S. v. Neel,* 641 F.App'x

782, 794 (10th Cir. 2016).

As cited throughout this brief the opinion of the District Court did not consider any of the above SORNA sections (34 U.S.C. §20913 (e) State penalty for failure to comply) 34 U.S.C. §20914 (updating info) 18 U.S.C. § 2250 interstate travel) or the controlling and directly on point cases *Carr v. U.S.*, 560 U.S. 438, (2010) and *Nichols v. U.S.*, 136 S. Ct. 1113 (2016).

For a criminal or penal law to be ex post facto . . . It need not impair a "vested right." *Weaver v. Graham*, 450 U.S. 24, 30 (1981). Applying SORNA restrictions to a former registrant properly removed from a jurisdiction registry in Federal Court is in fact punishment, *Calder v. Bull*, 3 U.S. 386 (1798). Indeed, making up a residual rule to add to SORNA and applying it to a former registrant, is in essence an ex post facto violation and "subtle ex post facto violations are no more permissible than overt ones." *Collins v. Youngblood*, 497 U.S. 37, 41, 43 (1990). Also see *Gibson v. Mississippi*, 162 U.S. 565, 590 (1896), *Beazell v. Ohio*, 269 U.S. 167 (1925).

## 1st and 14th Amendment
## Overbreadth Vagueness-Count VII

In regard to vagueness the District Court stated Appellant "fails to identify the specific statutory language he is challenging, therefore his claim is subject to dismissal on this basis alone. *McCloud v. U.S.*, No. 4:11-CV-1721, 2015 WL

224990, at 21 (E.D. Mo.Jan. 15, 2015)" Opinion R.23 PageID 578.

Appellant fully briefed and presented multiple times in his Rule 12 response (R.21 PageID 507) two cases that are unequivocally controlling and directly on point from the U.S. Supreme Court, *Carr v. U.S.*, 560 U.S. 438 (2010) and *Nichols v. U.S.*, 136 S. Ct. 1113 (2016). The District Court Opinion and its finding did not acknowledge either case which discussed the controlling SORNA sections in question and which Appellant in fact squarely presented and raised multiple times to the Court. Appellant asserts the Court was duty bound to consider *Carr* and *Nichols*. There is no plausible reason way this duty was abdicated.

Appellant was properly removed in Federal Court from the State of Michigan SORA registry, as a consequence he was also removed from the SORNA search engine. As a result 34 U.S.C. §20913 (e), 18 U.S.C. § 2250 and/or any other SORNA section are no longer applicable to Appellant.

The District Court's reliance on the unpublished opinion of *U.S v. Paul*, 718 F.App'x 360 (6th Cir. 2017) as persuasive, in the face of squarely presented U.S. Supreme Court Stare Decisis, is an impermissible reach. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803).

The District Court's actions are an enlargement of SORNA, which "transcends judicial function" *Iselin v. U.S.*, 270 U.S. 245, 251 (1926) and its failure to discuss

34 U.S.C. §20913 (e),  18 U.S.C. § 2250, *Carr* and *Nichols*  in its findings renders the

Court's ruling Void for Vagueness itself.  It would be an injustice of Constitutional

Magnitude (citations omitted) to allow the Court's decision to stand.

**V.  BASED ON THE DISTRICT COURT'S TOTAL RELIANCE ON AN UNPUBLISHED OPINION WHICH RUNS COUNTER TO SUPREME COURT PRECEDENT *CARR* AND *NICHOLS* AND THE PLAIN LANGUAGE OF SORNA, THIS CASE IS CAPABLE OF REPETITION YET EVADING JUDICIAL REVIEW.**

Though appellant was removed from the State of Michigan SORA registry the

DOJ asserts they can make him re-register with SORNA, a position the District Court

agreed with and adopted as its own. The sole authority for this position is *U.S. v.*

*Paul*, 718 F.appx. 360 (6th Cir. 2017) a case which did not meet any of the criteria for

consideration for publication.  The District Court's  Opinion (R.23 PageID 562)

further propped the *Paul* holding up, citing several other unpublished decisions

(supra, infra) mentioned in the DOJ briefs. Rule 12 Motion R.18 PageID 451 and

Reply R.22 PageID 533. Such reliance should not be allowed to be repeated.

Appellant is not an active registrant, and per *Nichols* and *Carr* and the

arguments cited supra he is no longer subject to SORNA, and there is  no authority

to the contrary. No such rule is within the clear Plain Language of SORNA.

The same standard that the DOJ seeks to force upon Appellant will be cited as

authority to do the same to other former registrants and is a simple end-around the

53

holding of *Does v. Snyder* 834 F.3d 696 (6th Cir. 2016).

A party "should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." *Doe v. Bolton*, 410 U.S. 179, 188 (1973). *Steffel v. Thompson*, 415 U.S. 452, 459 (1974).

The District Court's reliance on the unpublished opinion of *U.S. v. Paul*, and failure to discuss on point controlling U.S. Supreme Court Stare Decisis is an impermissible reach which "transcends judicial function" (citation omitted) and is in fact essentially the creation from the bench of a SORNA residual clause.

Based on the above this case is capable of repetition yet evading judicial review. Even "[V]oluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."*Friends of The Earth,v. Laidlaw,* 528 U.S. 167, 189 (2000). *Johnson v. Cincinnati*, 310 F.3d 484, 491 (6th Cir. 2002). *Mesquite v. Aladdin,455* U.S. 283, 289 (1982), *U.S. v. Nixon*, 418 U.S. 683 (1974),*Globe, v. Norfolk*, 457 U.S. 596 (1982). *Southern Pacific Terminal v. I.C.C.*, 219 U.S. 498, 515 (1911).

**CONCLUSION**
**REQUEST FOR RELIEF**
**AND ATTORNEY FEES**

To date there is not one documented case of a former registrant being properly removed from a registry in Federal Court and then being forced to register under SORNA. Absent a sex offense conviction post-dating removal from a registry, there is zero authority to support the position. Such a rule does not exist. An opposite finding would be the creation of a residual clause to one of the most comprehensive statutes the U.S. Congress has ever passed and would be an enlargement of SORNA that "transcends judicial function." *Iselin v. U.S.,* 270 U.S. 245, 251 (1926).

The cases cited by the District Court concerned active registrants only a few years removed from conviction and/or parole, who moved to other states or out of the country with the clear intent to evade detection in violation of 18 U.S.C. § 2250.

34 U.S.C. §20911 clearly defines who is required to register, what constitutes a registry and a registering jurisdiction.  If a party is required to be on a jurisdiction's registry, then and only then, is the information pertaining to that registrant forwarded to the National registry database for inclusion per 34 U.S.C. §20921.  This fact was duly noted by the DOJ SMART OFFICE supra.

The District Court, without explanation, chose to completely ignore the squarely presented  on point controlling U.S. Supreme Court cases of *Carr v. U.S.*,

55

560 U.S. 438 (2010), *Nichols v. U.S.*, 136 S.Ct. 1113 (2016) both of which addressed the *Plain Language* of the multiple SORNA provisions in question, which were also ignored by the Court.

The District Court chose instead to cite as controlling authority the unpublished *U.S. v. Paul*, 718 F.appx. 360 (6th Cir. 2017) propping it up by citing several other unpublished opinions running contrary to the holdings of *Carr* and *Nichols*.

Appellant achieved his objective of removal from the SORA and SORNA registries. Absent a sex conviction post-dating his removal from the a registry or deciding to reside/relocate to another jurisdiction, where it would be asserted the new state must recognize and accept the Federal Order (Article IV, Section 1, Full Faith and Credit), the status of Appellant cannot be changed. At the minimal if Appellant does not engage in interstate travel with the intent to evade detection (18 U.S.C. §2250) or habitually reside in another state, SORNA no longer applies to him.

It would be cruel and unusual punishment to require an individual to comply with restrictions that a Federal Court has already Ordered that they are not longer required to follow.

Appellant also relies on the other issues cited in his Introduction, Statement of the Case and Brief indicating the shift in the SORNA landscape since *Smith v. Doe* and *McKune v. Lile* were decided. As Justice Kennedy, the author of *Smith* and

*McKune* noted, writing for a unanimous Court in *Packingham Packingham, v. North Carolina,* 137 S.Ct. 1730 (2017):

> the "troubling fact" SORNA has grown to impose severe restrictions "on persons who already have served their sentence and are no longer subject to the supervision of the criminal justice system" at 1738.

SORNA has outgrown its original mandate, its scale and enormity in fact equal cruel and unusual punishment under the 8th Amendment, *Furman v. Georgia*, 408 U.S. 238, 271 (1972). The only real and logical remedy is to make/return internet publication of registration information available to law enforcement agencies only, though a path to removal from any jurisdiction's registry should remain.

Appellant seeks an Order from this Court that SORNA no longer applies to Appellant or any similarly situated former registrant.

Plaintiffs may be considered prevailing party for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit they sought bringing suit *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) 42 U.S.C. §1988. Appellant requests counsel to be compensated under the lodestar method.

Respectfully Submitted:

S/Daniel C. Willman
Daniel C. Willman
Attorney for Appellant

Dated: 2-25-2020

**<u>CERTIFICATE OF COMPLIANCE</u>**

**Certificate of Compliance Pursuant F.R.A.P 32(g)**

I certify that;

1. This filing is in Compliance with F.R.A.P. 32-2. F.R.A.P 32(g).

2. I hereby certify that this filing complies with the type-volume limitation of Fed.R. App. P 27 (d)(2)(A) or Fed.R. App 27(d)(1)(E).

3 This filing was prepared in Corel/WordPerfect, converted to PDF Font 14-point Times Roman a proportionally spaced font. F.R.A.P 32 (a)(4)(5), and (6)

4. This brief complies with the length limits permitted by Sixth Circuit Rule 28.1.(e)(2) This brief is <u>12,998 words</u>, excluding the portions exempted by Fed.R.App.P 32(f), if applicable. The brief's type and type face comply with Fed.R.App 32(a)(4)(5) and (6).

<u>s/Daniel C. Willman</u>

Daniel C. Willman

Attorney for Appellant

DATED: 2-25-2020

---

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the forgoing with the clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate Next Gen CM/ECF system on **2-25-2020.**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>s/DanielC.Willman</u>

Daniel C. Willman

Attorney for Appellant

DATED: 2-25-2020

58

# ADDENDUM



☐ **FEDERAL RULES OF APPELLATE PROCEDURE** [Last Amended December 1, 2018]

☐ **SIXTH CIRCUIT RULES**
[Last Amended August 16, 2012]

☐ **SIXTH CIRCUIT INTERNAL OPERATING PROCEDURES**
[Last Amended August 16, 2012]

☐ **SIXTH CIRCUIT GUIDE TO ELECTRONIC FILING**
[Last Amended August 16, 2012]

December 1, 2018

**6 Cir. I.O.P. 32.1     Preparation and Release of Opinions; Publication of Decisions**

(a)     **Preparation and Release of Opinions.**

    (1)     **Case Conferences; Writing Assignments; Conference Reports.**     At the conclusion of each day's arguments, the panel usually holds a conference concerning the cases submitted that day. The panel discusses a tentative decision. The presiding judge assigns opinion-writing responsibility.

    (2)     **Circulating Opinions to Panel Members.**     After the proposed opinion is prepared, the opinion-writing judge circulates it to the other two panel judges to obtain their concurrence, dissent, or special concurrence. The panel gives high priority to review of a judge's proposed opinion.

    (3)     **Circulating Opinions to Non-Panel Members.**     All judges receive copies of proposed published opinions.

    (4)     **Filing and Release of Decisions.**     The clerk's office files and releases all decisions. The clerk sends copies to counsel and makes them available to the public on the date of filing. The clerk's office does not receive advance notice of when a decision will be rendered.

(b)     **Publication of Decisions.**

    (1)     **Criteria for Publication.**     When determining whether a decision will be published in the Federal Reporter, panels consider whether the decision:

        (A)     Establishes a new rule of law, modifies an existing rule of law, or applies an established rule to a novel factual situation.

        (B)     Creates or resolves a conflict of authority within this circuit or between this circuit and another.

        (C)     Discusses a legal or factual issue of continuing public interest.

        (D)     Is accompanied by a concurring or dissenting opinion.

        (E)     Reverses the decision below, unless:

            (i)     the reversal was because of an intervening change in law or fact; or

            (ii)     the reversal is a remand to the lower court or agency – without further comment – of a case reversed or remanded by the United States Supreme Court;

(F)     Addresses a published lower court or agency decision; or

(G)     Has been reviewed by the United States Supreme Court.

(2)     **Designation for Publication.**   Any panel member may request that a decision be published.   The court may also publish on motion.

(3)     **Unpublished Decisions.**   Decisions not designated for publication are listed in table form in the Federal Reporter.


**FRAP 33      Appeal Conferences**

The court may direct the attorneys—and, when appropriate, the parties—to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement.   A judge or other person designated by the court may preside over the conference, which may be conducted in person or by telephone. Before a settlement conference, the attorneys must consult with their clients and obtain as much authority as feasible to settle the case.   The court may, as a result of the conference, enter an order controlling the course of the proceedings or implementing any settlement agreement.


**6 Cir. R. 33    Appeal Conferences - Mediation**

(a)     **Civil Appeal Statement of Parties and Issues.**   The appellant, petitioner, or applicant in a civil case must file with the court and serve on all parties a Civil Appeal Statement of Parties and Issues.

(1)     **When to File.**   The Civil Appeal Statement must be filed as directed by the court.

(2)     **What to File.**

(A)     In an appeal from the district court or Tax Court, the Civil Appeal Statement must be filed on Form 6CA-53.

(B)     In an appeal from or application for enforcement of an administrative agency order, the Civil Appeal Statement must be filed on Form 6CA-54.

(C)     The forms are available on the court's website.

(3)     **Exception.**   A pro se appellant, petitioner, or applicant is not required to file a Civil Appeal Statement.