No. 19-2405

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

M. S. WILLMAN,
                    Plaintiff-Appellant,
              v.

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                    Defendant-Appellee,

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**BRIEF FOR THE APPELLEE**

JOSEPH H. HUNT
  *Assistant Attorney General*

MATTHEW SCHNEIDER
  *United States Attorney*

MARK B. STERN
ASHLEY A. CHEUNG
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7261*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue, NW*
  *Washington, DC  20530*
  *(202) 353-9018*

# TABLE OF CONTENTS

**Page**

STATEMENT OF JURISDICTION .................................................................................2

STATEMENT OF THE ISSUE................................................................................2

STATEMENT OF THE CASE......................................................................................2

      A.      Statutory And Regulatory Background...........................................................2

      B.      Factual Background and Procedural History...................................................4

SUMMARY OF ARGUMENT......................................................................................9

STANDARD OF REVIEW ...........................................................................................9

ARGUMENT:
      THE DISTRICT COURT CORRECTLY DISMISSED
      PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE
      A CLAIM ............................................................................................................9

CONCLUSION ............................................................................................................18

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

ADDENDUM

**Cases:**                                                                    **Page(s)**

*Bacon v. Neer*,
  631 F.3d 875 (8th Cir. 2011) ...................................................................................14

*Cameron v. City of Pontiac*,
  813 F.2d 782 (6th Cir. 1987) .................................................................................14

*Carr v United States*,
  560 U.S. 438 (U.S. 2010) ........................................................................11, 15, 16

*Cellnet Commc'ns, Inc. v. FCC*,
  149 F.3d 429 (6th Cir. 1998) .................................................................................15

*Cutshall v. Sundquist*,
  193 F.3d 466 (6th Cir. 1999) ........................................................................... 8, 12

*Does #1-5 v. Snyder*,
  834 F.3d 696 (6th Cir. 2016), *cert. denied*,
  138 S. Ct. 55 (2017) ................................................................................................5

*Isaacs, In re*,
  895 F.3d 904 (6th Cir. 2018) .................................................................................15

*J. P. v. DeSanti*,
  653 F.2d 1080 (6th Cir. 1981) ...............................................................................13

*Kennedy v. Allera*,
  612 F.3d 261 (4th Cir. 2010) .................................................................................10

*Kottmyer v. Maas*,
  436 F.3d 684 (6th Cir. 2006) ...................................................................................9

*Nichols v. United States*,
  136 S. Ct. 1113 (2016) ...................................................................................11, 15

*Reynolds v. United States*,
  565 U.S. 432 (2012) ......................................................................................... 3, 14

*Smith v. Doe*,
538 U.S. 84 (U.S. 2003) ................................................................12

*United States v. Ambert*,
561 F.3d 1202 (11th Cir. 2009) ........................................ 14, 15

*United States v. Billiot*,
785 F.3d 1266 (8th Cir. 2015) .....................................................10

*United States v. Byrd*,
419 F. App'x 485 (5th 2011) .......................................................14

*United States v. Coleman*,
675 F.3d 615 (6th Cir. 2012) ................................................ 12, 13

*United States v. Davis*,
352 F. App'x 270 (10th Cir. 2009) ..............................................12

*United States v. Del Valle-Cruz*,
785 F.3d 48 (1st Cir. 2015) ..........................................................10

*United States v. Elkins*,
683 F.3d 1039 (9th Cir. 2012) .....................................................13

*United States v. Felts*,
674 F.3d 599 (6th Cir. 2012) ................................................... 7, 12

*United States v. Gould*,
568 F.3d 459 (4th Cir. 2009) .......................................................16

*United States v. Holcombe*,
883 F.3d 12 (2d Cir. 2018), *cert. denied*,
140 S. Ct. 820 (2020) ............................................................ 14, 15

*United States v. Howell*,
552 F.3d 709 (8th Cir. 2009) .......................................................16

*United States v. Juvenile Male*,
670 F.3d 999 (9th Cir. 2012) ................................................. 12, 15

*United States v. Kebodeaux*,
570 U.S. 387 (2013) ...................................................................................11

*United States v. Mendenhall*,
446 U.S. 544, *reh'g denied*,
448 U.S. 908 (1980) ...................................................................................14

*United States v. Parks*,
698 F.3d 1 (1st Cir. 2012) .........................................................................13

*United States v. Paul*,
718 F. App'x 360 (6th Cir. 2017) ........................................................6, 9, 10

*United States v. Pendleton*,
636 F.3d 78 (3d Cir. 2011) .......................................................................10

*United States v. Schofield*,
802 F.3d 722 (5th Cir. 2015) .....................................................................15

*United States v. Shenandoah*,
595 F.3d 151 (3d Cir. 2010) ......................................................................14

*United States v. Under Seal*,
709 F.3d 257 (4th Cir. 2013) .....................................................................12

*United States v. W.B.H.*,
664 F.3d 848 (11th Cir. 2011) ...................................................................12

*United States v. Whaley*,
577 F.3d 254 (5th Cir. 2009) .....................................................................16

**Statutes:**

Sex Offender Registration and Notification Act:
34 U.S.C. § 20901 *et seq.*................................................................... 1, 2
34 U.S.C. § 20901 ..........................................................................6
34 U.S.C. § 20911 .........................................................................10
34 U.S.C. § 20912(a) ......................................................................3
34 U.S.C. § 20913(a) .................................................................. 3, 10
34 U.S.C. § 20913(c) .................................................................. 3, 14
34 U.S.C. § 20913(d) ......................................................................3

34 U.S.C. § 20921(a) ...................................................................................................3

34 U.S.C. § 20927 .......................................................................................................4

18 U.S.C. § 2250 ...............................................................................................3, 12, 18

18 U.S.C. § 2250(a) .................................................................................................. 3, 14

18 U.S.C. § 2250(c) .....................................................................................................17

28 U.S.C. § 1291 ...........................................................................................................1

28 U.S.C. § 1331 ...........................................................................................................1

Mich. Comp. Laws § 28.723 *et seq.*..........................................................................4

Mich. Comp. Laws § 750.520g(1) ...............................................................................4

**Regulation:**

28 C.F.R. § 72.3...........................................................................................................3

**Rule:**

Fed. R. Civ. P. 12(b)(6) ...............................................................................................9

**Other Authority:**

73 Fed. Reg. 38,045 (July 2, 2008) .............................................................................3

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff has requested oral argument. The United States also respectfully requests oral argument to assist the Court in its disposition of this case.

# STATEMENT OF JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 1331.  The district court granted the government's motion to dismiss on October 1, 2019, and plaintiff filed a timely notice of appeal on November 28, 2019.  *See* D. Ct. Opinion, RE 23; Judgment, RE 24; Notice of Appeal, RE 25.  This Court has jurisdiction under 28 U.S.C. § 1291.

# STATEMENT OF THE ISSUE

Plaintiff is a convicted sex offender.  Accordingly, he is required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20901 *et seq.*  Plaintiff, who was convicted in Michigan and resides there, argues that the federal requirement is inapplicable because he is not required to register under Michigan law.  The district court, consistent with decisions of this Court and other courts of appeals, held that the federal requirement is independent of a state duty to register.  The court also rejected a variety of constitutional challenges which have also been rejected by every court to consider them.

The question presented is whether the district court correctly rejected plaintiff's claims and dismissed his suit.

# STATEMENT OF THE CASE

## A.      Statutory Background

Plaintiff challenges the constitutionality of the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20901 *et seq.*  SORNA is a federal statute that requires sex offenders to "register, and keep the registration current, in each

jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a). SORNA was enacted in 2006 against the backdrop of a "patchwork of federal and 50 individual state [sex offender] registration systems." *Reynolds v. United States*, 565 U.S. 432, 435 (2012) (citing 73 Fed. Reg. 38,045 (July 2, 2008)). Through SORNA, Congress sought to "make those systems more uniform and effective" "by setting forth comprehensive registration-system standards." *Id.*

Under SORNA, sex offenders are required to provide information, such as their name and address of residence, work, and school, for inclusion in the sex offender registry. 34 U.S.C. § 20914(a). SORNA's requirements apply to "all sex offenders, including sex offenders convicted . . . prior to the enactment of" SORNA. 28 C.F.R. § 72.3; *see also* 34 U.S.C. § 20913(d). A sex offender is required to update his registration within 3 business days of "each change of name, residence, employment, or student status." 34 U.S.C. § 20913(c).

It is a federal crime for a sex offender who is "required to register under" SORNA to travel in interstate or foreign commerce and "knowingly fail[] to register or update a registration as required by" SORNA. 18 U.S.C. § 2250(a).

SORNA requires each state to "maintain a jurisdiction-wide sex offender registry." 34 U.S.C. § 20912(a). The Attorney General, in turn, is required to "maintain a national database . . . for each sex offender and any other person required to register in a jurisdiction's sex offender registry." *Id.* § 20921(a). This database is

3

known as the "National Sex Offender Registry." *Id.* SORNA makes certain federal funding contingent on states bringing their sex offender registration systems into compliance with SORNA's federal standards. *Id.* § 20927; *see also Carr v United States*, 560 U.S. 438, 441 (2010).

### B.    Factual Background and Procedural History

In 1993, prior to the enactment of SORNA, Plaintiff M.S. Willman was convicted of assault with intent to commit criminal sexual conduct involving sexual penetration, which is a felony under Michigan law with a maximum term of imprisonment of ten years. Compl., RE1, Page ID # 9; Mich. Comp. Laws § 750.520g(1). According to plaintiff's complaint, he served a ten-year sentence and completed parole. *Id.* at Page ID # 10. Plaintiff has previously registered as a sex offender in Michigan. Exhibits to Compl., RE 1-1, Page ID # 235.

In February 2019, plaintiff filed this lawsuit challenging the constitutionality of the federal statute, SORNA, as well as the constitutionality of Michigan's State Sex Offender Registration Act, Mich. Comp. Laws § 28.723 *et seq.* (SORA), and "SORA type statutes," which plaintiff does not define. Compl., RE1, Page ID # 27-88. Plaintiff named as defendants the United States Attorney General, the Michigan Office of Attorney General, the Michigan Governor's Office, and the Michigan Director of State Police. *Id.* at Page ID # 3. In a seven-count complaint, Plaintiff claims that SORNA, Michigan's SORA, and "SORA type statutes" violate the Ex Post Facto Clause, the Double Jeopardy Clause, the Eighth Amendment prohibition

4

on cruel and unusual punishment, the First Amendment right to privacy, the

Privileges and Immunities Clause, and the Fourth Amendment right to be free from

unreasonable seizures. *Id.* at Page ID # 27-66. Plaintiff further claims that SORNA,

Michigan's SORA, and "SORA type statutes" are overbroad and vague, in violation of

the First and Fourteenth Amendments. *Id.* at Page ID # 66-71.

Plaintiff seeks a declaration that SORNA is unconstitutional as applied to him

"and any registrant," that "ANY SORA type statute . . . of ANY other State . . . which

is found to have similar language" is unconstitutional, and that he "and any registrant

do not have to comply with any past, present or future registration and reporting

requirements" of SORNA "or ANY reporting or registration requirements of ANY

other State, District, Territory or Indian Country of the United States." Compl., RE

1, Page ID # 86-87.

The state defendants were dismissed from the case pursuant to a stipulation

that dismissal was appropriate "[i]n light of the Sixth Circuit decision in *Does #1-5 v.*

*Snyder*, 834 F.3d 696 (6th Cir. 2016), *cert denied*, 138 S. Ct. 55 (2017)." Stipulated

Order, RE 16, Page ID # 406-408. In *Does #1*-5, this Court held that retroactive

application of the 2006 and 2011 amendments to Michigan's SORA violates the Ex

Post Facto Clause. 834 F.3d at 706. The stipulated order further states that plaintiff

was subject to a 25-year registration requirement under Michigan's SORA and that the

duration of his registration has ended. Stipulated Order, RE 16, Page ID # 407.

Accordingly, plaintiff is no longer subject to any registration or verification

5

requirements of Michigan's SORA. *Id.* The stipulated order also states that the state defendants "shall not enforce the 2006 and 2011 SORA amendments against Plaintiff." *Id.*

The district court granted the federal government's motion to dismiss. Order Granting Def.'s Mot. to Dismiss, RE 23, Page ID # 562-580. The Court first addressed plaintiff's "main argument [] that because Michigan removed him from the state sex offender registry, . . . he is no longer required to register under the federal SORNA." *Id.* at Page ID # 566. The court rejected plaintiff's argument, concluding that "there is nothing in the statutory language of SORNA that ties federal registration to state-law requirements" and that "[t]his is consistent with SORNA's purpose to 'establish[] a comprehensive national system for the registration of [sex] offenders.'" *Id.* (alterations in original) (quoting 34 U.S.C. § 20901). The district court also noted that "the Sixth Circuit has already determined that a sex offender's obligations under SORNA do not depend on whether the sex offender has duties under applicable state sex offender registration laws," citing *United States v. Paul*, 718 F. App'x 360 (6th Cir. 2017), as "persuasive authority resting on facts that are materially indistinguishable from those present here." Order Granting Def.'s Mot. to Dismiss, RE 23, Page ID # 567-568. The court further explained that "at least three other circuits have issued unanimous, published opinions recognizing the independent obligation to comply with federal SORNA requirements even where state law duties do not exist." *Id.*

6

Turning to plaintiff's constitutional challenges to SORNA, the district court rejected plaintiff's argument that SORNA violates the Ex Post Facto Clause, explaining that "the Sixth Circuit, along with many other circuits, has already concluded that the SORNA does not violate the Ex Post Facto Clause." Order Granting Def's Mot. to Dismiss, RE 23, Page ID # 569 (citing, *inter alia*, *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012)). The court explained that the Sixth Circuit's holding in *Does #1-5*, 834 F.3d at 706, that retroactive application of the 2006 and 2011 amendments to Michigan's SORA violates the Ex Post Facto Clause "has no bearing on the constitutionality of SORNA because *Does #1-5* only addressed the constitutionality of Michigan's SORA," and Michigan's SORA "included a residency restriction" that is not contained in federal SORNA. Order Granting Def.'s Mot. to Dismiss, RE 23, Page ID # 569-570.

The court next explained that plaintiff's claim that SORNA violates the Eighth Amendment prohibition on cruel and unusual punishment fails, relying on the Sixth Circuit's conclusion that SORNA "does not increase the punishment for the past conviction." *Id.* at Page ID # 572 (citing *Felts*, 674 F.3d at 606). The district court also dismissed plaintiff's argument that SORNA violates the Double Jeopardy Clause, explaining that the Sixth Circuit has held that failing to register under SORNA is "entirely separate" from the underlying sex offense. *Id.* at Page ID # 571 (citing *Felts*, 674 F.3d at 606). Plaintiff does not challenge this conclusion on appeal. Appellant's Br. at 63 n.22.

7

The district court also rejected plaintiff's claim that SORNA violates his right to privacy under the First Amendment, explaining that "[t]he privacy interest of sex offenders in keeping their personal information confidential is not a privacy interest of constitutional dimension." Order Granting Def's Mot. to Dismiss, RE 23, Page ID # 574   The court also noted that the Sixth Circuit rejected a similar right to privacy claim in *Cutshall v. Sundquist*, 193 F.3d 466, 481 (6th Cir. 1999) ("The Constitution does not provide [the sex offender plaintiff] with a right to keep his registry information private."). Order Granting Def.'s Mot. to Dismiss, RE 23, Page ID # 575.

Additionally, the court held that plaintiff's claim that SORNA violates his right to travel under the Privileges and Immunities Clause failed because "[t]ravel is not banned under SORNA." Order Granting Def.'s Mot. to Dismiss, RE 23,  Page ID # 576.  The court also held that plaintiff's claim that SORNA subjects registrants to "continuing seizure" in violation of the Fourth Amendment failed because "[t]he registration requirements in SORNA do not amount to a termination of freedom of movement." *Id.* at Page ID # 577.  Finally, the district court rejected plaintiff's argument that SORNA is overbroad and vague, explaining that plaintiff failed "to identify the specific statutory language he is challenging," and that "vagueness challenges to SORNA have consistently been rejected by the federal courts, including the Sixth Circuit." *Id.* at Page ID # 578-579.

8

## SUMMARY OF ARGUMENT

**A.** SORNA creates a federal duty to register as a sex offender that is independent of state law. Every Court to address the issue, including this Court, has held that this conclusion is compelled by the statute's language, which effectuates its purpose of establishing a comprehensive national sex offender registration system, and supports the conclusion that SORNA's federal registration requirement is not tied to the patchwork of individual state registration systems. *See, e.g.*, *United States v. Paul*, 718 F. App'x 360, 363-64 (6th Cir. 2017) ("SORNA imposes duties on *all* sex offenders, irrespective of what they may be obliged to do under state law.").

**B.** SORNA clearly survives plaintiff's numerous constitutional challenges, which have been rejected by this Court and other courts of appeals.

## STANDARD OF REVIEW

This Court reviews de novo the district court's dismissal of a plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## ARGUMENT

### THE DISTRICT COURT CORRECTLY DISMISSED PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM.

**A.** Plaintiff's principal argument is that he is not required to register under SORNA because he is not required to register under Michigan state law. As this Court and others courts of appeals have recognized, SORNA's language does not

9

admit of this interpretation. SORNA imposes, as a matter of federal law, a requirement that all sex offenders "register, and keep the registration current, in each jurisdiction where the offender" lives, works, or is a student, irrespective of what they may be obligated to do under state law. 34 U.S.C. § 20913(a). A "sex offender" subject to the federal registration requirements is "an individual who was convicted of a sex offense." *Id.* § 20911. Thus, while "the SORNA obligations are imposed as a result of the underlying sex offense convictions in [Michigan], those obligations are independent of the state reporting requirements." *United States v. Billiot*, 785 F.3d 1266, 1269 (8th Cir. 2015). As this Court declared in *United States v. Paul*, "if Congress meant for sex offenders' SORNA requirements to depend on state registration requirements, the Act would specifically say so." 718 F. App'x 360, 364 (6th Cir. 2017); *see also United States v. Del Valle-Cruz*, 785 F.3d 48, 55 (1st Cir. 2015) ("[t]he triggering event for the duty to register [under SORNA] is a sex offense conviction, not a state sentence requiring registration"); *United States v. Pendleton*, 636 F.3d 78, 86 (3d Cir. 2011) (concluding that a sex offender's "federal duty to register under SORNA was not dependent upon his duty to register under Delaware law"); *Kennedy v. Allera*, 612 F.3d 261, 267-68 (4th Cir. 2010) (concluding that sex offender was required to register under SORNA even if he was not required to register under state law).

The statutory command effectuates SORNA's purpose of establishing a comprehensive national system. SORNA was "designed to make more uniform" "a

10

patchwork of federal and 50 individual state registration systems, with loopholes and deficiencies that had resulted in an estimated 100,000 sex offenders becoming missing or lost." *United States v. Kebodeaux*, 570 U.S. 387, 399 (2013) (citations omitted). Predicating a duty to register under SORNA on state-law registration requirements would frustrate SORNA's purpose by re-imposing the patchwork system that SORNA was designed to replace.

Plaintiff's reliance on *Nichols v. United States*, 136 S. Ct. 1113 (2016), and *Carr v. United States*, 560 U.S. 438 (2010), is misplaced. Appellant's Br. at 43-51. The Court in *Nichols* addressed the very different question of whether SORNA required an individual to update his registration in Kansas once he left his home and moved to the Philippines. 136 S. Ct. at 1115. The Court explained that "[i]f the drafters of SORNA had thought about the problem of sex offenders who leave the country and had sought to require them to (de)register in the departure jurisdiction, they could easily have said so[.]" *Id.* at 1118. That holding and reasoning has no bearing on the issue here. Nor does the ruling in *Carr,* which held that § 2250's criminal liability for failure to adhere to registration requirements does not apply to sex offenders whose interstate travel occurred before SORNA's effective date. 560 U.S. at 446-50.

**B.** The district court also correctly dismissed plaintiff's constitutional claims, which have been rejected by many circuits, including this Court.

**1.** Plaintiff argues that requiring him to register under SORNA would violate the Eighth Amendment prohibition on cruel and unusual punishment. Appellant's

11

Br. at 52-59.  As the courts have recognized, SORNA's registration requirements create a civil scheme, which was designed to protect the public from harm and does not constitute punishment.  *See, e.g., United States v. Under Seal*, 709 F.3d 257, 264 (4th Cir. 2013) (concluding that SORNA is a non-punitive regulatory scheme); *United States v. W.B.H.*, 664 F.3d 848, 860 (11th Cir. 2011) (same); *cf. Smith v. Doe*, 538 U.S. 84, 92-93 (2003) (upholding Alaska's sex offender registration statute as a non-punitive civil scheme designed to protect the public).  Accordingly, SORNA's registration requirements do not constitute punishment and SORNA does not violate the Eighth Amendment prohibition on cruel and unusual punishment.  *See Cutshall v. Sundquist*, 193 F.3d 466, 481 (6th Cir. 1999) (concluding that a sex offender law that does not impose punishment does not violate the Eighth Amendment); *see also United States v. Davis*, 352 F. App'x 270, 272 (10th Cir. 2009) (concluding that SORNA does not violate the Eighth Amendment); *Under Seal*, 709 F.3d at 266 (same); *United States v. Juvenile Male*, 670 F.3d 999, 1010 (9th Cir. 2012) (same).

**2.** Plaintiff is on no firmer ground in urging that SORNA violates the Ex Post Facto Clause.  The Ex Post Facto Clause prohibits, *inter alia*, laws that "retroactively increase[] the punishment for a crime after its commission." *United States v. Coleman*, 675 F.3d 615, 619 (6th Cir. 2012).  But SORNA does not increase punishment for a sex offender's underlying sex offense.  Rather, under SORNA, it is a separate crime for a sex offender to fail to register or otherwise violate SORNA's requirements.  *See* 18 U.S.C. § 2250.  Thus, as this Court explained in *United States v. Felts*, 674 F.3d 599,

12

606 (6th Cir. 2012), a sex offender's "crime of failing to update his sex offender registry" was "entirely separate from his crime of rape of a child and aggravated sexual battery." *See also id.* (noting "the unanimous consensus among the circuits that SORNA does not violate the Ex Post Facto Clause"); *Coleman*, 675 F.3d at 619; *United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012); *United States v. Parks*, 698 F.3d 1, 6 (1st Cir. 2012).

**3.** Plaintiff does not pursue his double jeopardy argument on appeal and instead argues that res judicata precludes the federal government from arguing that SORNA applies to plaintiff because the federal government did not object to the stipulation between plaintiff and the state defendants, which removed plaintiff from Michigan's registration system. Appellant's Br. at 61-62. However, because SORNA's federal registration requirements are independent of state registration requirements, as explained above, the stipulation removing plaintiff from Michigan's registration system is irrelevant to plaintiff's duty to register under SORNA.

**4.** Plaintiff argues that SORNA violates his right to privacy and subjects him to seizure. Appellant's Br. at 65. But "the Constitution does not encompass a general right to nondisclosure of private information." *J. P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981); *see also Cutshall*, 193 F.3d at 481 ("The Constitution does not provide [the sex offender plaintiff] with a right to keep his registry information private."). And because SORNA does not restrain a sex offender's freedom of movement, SORNA does not implicate the Fourth Amendment's prohibition on unreasonable

seizures. *See Cameron v. City of Pontiac*, 813 F.2d 782, 784 (6th Cir. 1987) (explaining that a person is seized "'only when, by means of physical force or a show of authority, his freedom of movement is restrained'" (quoting *United States v. Mendenhall*, 446 U.S. 544, 553, *reh'g denied*, 448 U.S. 908 (1980)).

**5.** Plaintiff contends that SORNA violates his right to travel. Appellant's Br. at 65-66. However, a sex offender is not prohibited from traveling under SORNA and is simply required to update his registration within 3 business days of a change in residence or place of employment. 34 U.S.C. § 20913(c); *see also* 18 U.S.C. § 2250(a). Accordingly, SORNA's registration requirements do not implicate the fundamental right to travel because nothing in SORNA stops a sex offender from traveling. *United States v. Holcombe*, 883 F.3d 12, 17 (2d Cir. 2018), *cert. denied*, 140 S. Ct. 820 (2020). And even assuming that SORNA's registration requirements implicate the right to travel at all, the burdens imposed by the registration scheme are outweighed by the government's compelling interest in protecting society from future sex offenses. *United States v. Ambert*, 561 F.3d 1202, 1210 (11th Cir. 2009). For these reasons, several circuits have held that SORNA does not violate the fundamental right to travel. *See, e.g., Holcombe*, 883 F.3d at 17; *Bacon v. Neer*, 631 F.3d 875, 878 (8th Cir. 2011); *United States v. Shenandoah*, 595 F.3d 151, 163 (3d Cir. 2010), *abrogated on other grounds by Reynolds v. United States*, 565 U.S. 432, 432 (2012); *Ambert*, 561 F.3d at 1210; *United States v. Byrd*, 419 F. App'x 485, 491 (5th Cir. 2011) (per curiam).

14

**6.** Plaintiff also makes an undeveloped argument that SORNA is unconstitutionally vague. Appellant's Br. at 69-70. SORNA is a reticulated statute that carefully defines who is required to register and the terms of these registration requirements, and courts that have addressed vagueness arguments have squarely rejected them. *See, e.g.*, *Holcombe*, 883 F.3d at 17 (rejecting vagueness challenge to SORNA's definition of "resides"); *United States v. Schofield*, 802 F.3d 722, 731 (5th Cir. 2015) (rejecting vagueness challenge to SORNA's definition of "sex offense"). Plaintiff's reliance on *Nichols*, 136 S. Ct. at 1113, and *Carr*, 560 U.S. at 438, is wide of the mark for the reasons previously discussed. *See supra* p.11.

**7.** Finally, plaintiff asserts that requiring him to register under SORNA violates substantive due process. Appellant's Br. at 66-67. However, this argument has been rejected by multiple circuits. *See, e.g.*, *Juvenile Male*, 670 F.3d at 1012; *Ambert*, 561 F.3d at 1209.

**C.** Amici raise additional arguments challenging SORNA. As an initial matter, these arguments were not made by plaintiff in the district court or on appeal, and thus this Court should not consider them. *In re Isaacs*, 895 F.3d 904, 917 (6th Cir. 2018) ("'To the extent that the amicus raises issues or make[s] arguments that exceed those properly raised by the parties, we may not consider such issues.'" (alteration in original) (quoting *Cellnet Commc'ns, Inc. v. FCC*, 149 F.3d 429, 443 (6th Cir. 1998)). In any event, amici's arguments are meritless. Amici argue that SORNA does not apply to a sex offender unless he travels in interstate commerce. ACLU Amicus Br. at 16-

15

20; Texas Voices for Reason and Justice Amicus Br. at 14-36.  Amici fail to note that this argument has been rejected by many circuits.  *See, e.g.*, *United States v. Howell*, 552 F.3d 709, 717 (8th Cir. 2009) (holding that SORNA's registration requirement is "constitutional under Congress's authority to use the necessary and proper means to further its commerce clause power because it is a necessary part of a more general regulation of interstate commerce[,]" even though it may reach "a wholly intrastate sex offender for registry information" (quotation marks omitted)); *United States v. Gould*, 568 F.3d 459, 474–75 (4th Cir. 2009) (holding that Congress did not exceed its power under the Commerce Clause in enacting SORNA even though its federal registration system "may implicate a sex offender who does not cross state lines" because "the potential for recidivism and flight across state lines of *all* sex offenders is sufficiently real and substantial to be taken as a serious and extensive part of the larger interstate problem, justifying the comprehensive regulation"); *United States v. Whaley*, 577 F.3d 254, 260 (5th Cir. 2009) ("[T]o the extent that [SORNA's registration requirement in § 20913] applies to sex offenders remaining intrastate, the Necessary and Proper Clause provides Congress with the necessary authority."); *see also Carr*, 560 U.S. 446-48.

Amicus ACLU of Michigan argues that the absence of a federal registration mechanism requires the conclusion that SORNA is inapplicable when registration is not also required by an individual's state of residence.  ACLU Amicus Br. at 25-33.  This is incorrect.  If a state will not register a sex offender even though SORNA

16

requires him to register, the sex offender would have an affirmative defense to federal prosecution. 18 U.S.C. § 2250(c) (in a prosecution for failure to register under 18 U.S.C. § 2250, "it is an affirmative defense that" "uncontrollable circumstances prevented the individual from complying," "the individual did not contribute to the creation of such circumstances," and "the individual complied as soon as such circumstances ceased to exist"). SORNA's registration requirements would continue to apply to the sex offender, so if a state were to change its practice and start accepting the sex offender's registration, or if the sex offender moved to a different state that would accept his registration, the sex offender would be required to register.

# CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

JOSEPH H. HUNT
*Assistant Attorney General*

MATTHEW SCHNEIDER
*United States Attorney*

MARK B. STERN

*/s/ Ashley A. Cheung*
ASHLEY A CHEUNG
*Attorneys, Appellate Staff*
*Civil Division, Room 7261*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 353-9018*
*ashley.cheung@usdoj.gov*

MARCH 2020

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Garamond, a proportionally spaced typeface.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,970 words, according to the count of Microsoft Word.

*/s/ Ashley A. Cheung*
ASHLEY A. CHEUNG

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2020, I electronically filed the foregoing brief with the Clerk of Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Ashley A. Cheung*
ASHLEY A. CHEUNG

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS
## 6th Cir. Rule 30(g)(1)

The United States hereby designates the following portions of the district court

record for this Court's consideration:

| Description | Date | Docket Entry | Page ID # Range |
|---|---|---|---|
| Complaint and Exhibits to Complaint | February 5, 2019 | 1, 1-1 | 3-147 |
| District Court Opinion | October 1, 2019 | 23 | 562-580 |
| District Court Judgment | October 1, 2019 | 24 | 581 |
| Notice of Appeal | November 28, 2019 | 25 | 582-583 |

# ADDENDUM

# TABLE OF CONTENTS

34 U.S.C. § 20901 (excerpt)................................................................ A1

34 U.S.C. § 20911 (excerpt)................................................................ A1

34 U.S.C. § 20912 (excerpt)................................................................ A1

34 U.S.C. § 20913 (excerpt)................................................................ A1

34 U.S.C. § 20914 (excerpt)................................................................ A2

34 U.S.C. § 20921 (excerpt)................................................................ A2

34 U.S.C. § 20927 (excerpt)................................................................ A3

18 U.S.C. § 2250 (excerpt).................................................................. A3

**34 U.S.C. § 20901 (excerpt)**

In order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators against the victims listed below, Congress in this chapter establishes a comprehensive national system for the registration of those offenders[.]

**34 U.S.C. § 20911 (excerpt)**

In this subchapter the following definitions apply:

(1) Sex offender

The term "sex offender" means an individual who was convicted of a sex offense.

**34 U.S.C. § 20912 (excerpt)**

(a) Jurisdiction to maintain a registry

Each jurisdiction shall maintain a jurisdiction-wide sex offender registry conforming to the requirements of this subchapter.

**34 U.S.C. § 20913 (excerpt)**

(a) In general
A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

. . . .

(c) Keeping the registration current
A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b)

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b).

## 34 U.S.C. § 20914 (excerpt)

(a) Provided by the offender

The sex offender shall provide the following information to the appropriate official for inclusion in the sex offender registry:

> (1) The name of the sex offender (including any alias used by the individual).
>
> (2) The Social Security number of the sex offender.
>
> (3) The address of each residence at which the sex offender resides or will reside.
>
> (4) The name and address of any place where the sex offender is an employee or will be an employee.
>
> (5) The name and address of any place where the sex offender is a student or will be a student.
>
> (6) The license plate number and a description of any vehicle owned or operated by the sex offender.
>
> (7) Information relating to intended travel of the sex offender outside the United States, including any anticipated dates and places of departure, arrival, or return, carrier and flight numbers for air travel, destination country and address or other contact information therein, means and purpose of travel, and any other itinerary or other travel-related information required by the Attorney General.
>
> (8) Any other information required by the Attorney General.

## 34 U.S.C. § 20921 (excerpt)

(a) Internet

The Attorney General shall maintain a national database at the Federal Bureau of Investigation for each sex offender and any other person required to register in a jurisdiction's sex offender registry. The database shall be known as the National Sex Offender Registry.

**34 U.S.C. § 20927 (excerpt)**

(a) In general

For any fiscal year after the end of the period for implementation, a jurisdiction that fails, as determined by the Attorney General, to substantially implement this subchapter shall not receive 10 percent of the funds that would otherwise be allocated for that fiscal year to the jurisdiction under subpart 1 of part E of title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3750 et seq.).

**18 U.S.C. § 2250 (excerpt)**

(a) In general.--Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years, or both.

. . . .

(c) Affirmative defense.--In a prosecution for a violation under subsection (a) or (b), it is an affirmative defense that—

(1) uncontrollable circumstances prevented the individual from complying;

(2) the individual did not contribute to the creation of such circumstances in reckless disregard of the requirement to comply; and

(3) the individual complied as soon as such circumstances ceased to exist.